**D. E. MOORE, Appellant,**

v.

**The TEXAS COMPANY, Appellee.**

No. 5200.

Court of Civil Appeals of Texas.

El Paso.

Dec. 27, 1956.

Rehearing Denied Feb. 13, 1957.

**402**

John J. Watts, W. R. Barnes, Odessa, for appellant.

Turpin, Kerr & Smith, Midland, for appellee.

HAMILTON, Chief Justice.

Appellant, D. E. Moore, filed action for damages for personal injuries against The Texas Company, appellee, which appellant alleged he received while working for J. P. (Bum) Gibbins, Inc., on a Texas Company lease in Andrews County, Texas. The Texas Employers Insurance Association, compensation insurer of J. P. (Bum) Gibbins, Inc., intervened, seeking to recoup the amount it paid in compensation to appellant. When appellant rested his case, appellee filed a motion for an instructed verdict, which was granted by the trial court. Appellant perfected his appeal. The intervenor did not perfect an appeal.

The facts of the case are undisputed. Appellant used two witnesses besides his doctor. They were Ralph Hise, a Texas Company employee, and he, himself. Ralph Hise had been working for the Texas Company for some eight years as an engine mechanic. He worked on engines for appellee from Breckenridge to Water Valley. On the morning of the alleged injury, a Mr. McLaughlin, lease foreman for the Texas Company, sent word by Ralph Hise to tell Buck Jones, the pusher or foreman for J. C. (Bum) Gibbins, Inc., to change the oil seal on the pumping unit on the "X" lease of appellee. The J. P. (Bum) Gibbins, Inc. was an independent contractor for various oil companies and it had had a crew working on the Texas Company lease for several weeks. Hise was working on the engine at the same location on which was located the pumping unit on which the oil seal was to be changed.

About 10 o'clock that morning Buck Jones brought two men D. E. Moore, appellant, and W. E. Murphy, in a truck to the location and left them with instruction as to what to do. Buck Jones did not return before the alleged injury occurred.

In the operation of changing the oil seal on the pumping unit, it was necessary to disconnect the pitman arm from the pin, or axle, attached to weights on the pumping

unit. This had been done, and the oil seal changed without any difficulty. However, in going about reconnecting the pitman arm, it was found that the weights had shifted some and the pitman arm would not go all the way on. At some stage during the operation—it is not clear when— Ralph Hise quit his work on the engine, left it idling with the clutch disengaged, and went over and "pitched in" to help the J. P. (Bum) Gibbins, Inc. men. Nobody asked him to help. He never had before, and was not supposed to. He did not know why, but just did on his own free will. He did not give any instructions, did not tell anybody what to do, but they were all just working together. He had never changed an oil seal on a pumping unit, but had seen a number of such changes made. Concerning the difficulty of getting the pitman arm properly reconnected, appellant testified that somebody had an idea that to get the pitman arm on, the brake on the pumping unit would have to be released a little, so the weights would shift up or down, and somebody—it may have been appellant, himself—told Hise to release the brake. As Hise went to release the brake, appellant and Murphy were pushing on the pitman arm to try to force it on the pin, or axle. As Hise released the brake, the weight shifted, and the pitman arm slipped off of the pin, or axle, with such force that it threw appellant backward some twelve or fifteen feet, and he landed in a sitting position on the ground. It was from this incident that appellant alleged he received his injuries.

 Appellant alleged in his pleadings, and contends in his brief, that appellee owed the appellant the duty to furnish him a safe place to work, and that that duty was violated. To sustain his contentions, he cites the cases of Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853, and Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60. These two cases refer to dangers arising from the condition of the premises where contractors' employees were at work, and they are not applicable to the facts of this case. This case involves dangers arising from the performance of the work which the contractor was employed to do, rather than from any condition of the premises where the work was to be performed. The appellee was under no duty to warn appellant of any transitory dangers arising during the performance of the work. The owner of the premises is under no duty to the employee of an independent contractor to see to it that the work is done safely. "This was the duty of the contractor, the failure to perform which was the negligence of the contractor, the very thing that an owner is not liable to the contractor's servants for." Union Tank and Supply Co. v. Kelley, 5 Cir., 167 F.2d 811, 815. The danger to which appellant became subjected was a danger which came into being, not from the condition of the premises or the place of work, but from the manner of performance of the job to be done by those who were working together.

██ Appellant also relies for recovery on certain acts of negligence of Ralph Hise, a servant and employee of the appellee. Allegation is made of three failures to warn and three negligent acts in the performance of the work he was doing. While it is true that an employer is not immune from liability for the negligent act of his servant causing injury to servants of his independent contractor, yet it is necessary not only to prove that the person committing the negligent acts is an employee, but it must further be proved that the employee, at the time of the commission of the said negligent acts, was within the scope of his employment. The appellant wholly fails to make such proof in this case. A careful examination of the statement of facts reveals only that Ralph Hise was a mechanic for appellee, employed to work on engines. There is no proof that he was authorized, or had ever worked in any supervisory capacity for appellee, and there is an entire lack of

proof that he was authorized to quit his work on the engine and help the independent contractor's crew in replacing the oil seal on the pumping unit. Therefore, there being no other claimed grounds of recovery, we must hold that the court was correct in instructing a verdict for the appellee.

Judgment of the trial court is affirmed.