**Knox L. GARVIN, Appellant,**

v.

**Clifford R. GOLDSMITH et al., Appellees.**

**No. 4514.**

Court of Civil Appeals of Texas.

Waco.

July 21, 1966.

Rehearing Denied Sept. 22, 1966.

Wynne, Jaffe & Tinsley, Dallas, for appellant.

Fanning, Billings, Harper, Pierce & Gilley, William F. Billings, Walsh, McCarroll, Corstaphney & Wood, Paul McCarroll, Ralph Wood, Jr., Dallas, for appellees.

## OPINION

WILSON, Justice.

Plaintiff sued for damages alleging he purchased an interest in an oil and gas leasehold estate from defendant; that the three wells on the premises appeared to be producing oil in paying quantities; that it was expressly or impliedly represented by defendant that the wells were legally drilled, were bottomed within the leasehold boundaries, and were capable of producing in paying quantities under a legal operation; that wells numbers 1 and 2 were directionally drilled and deviated from the vertical so that they were bottomed outside of the lease boundaries, and well number 3 was a "dum-

my" on which false production reports had been filed; that defendant fraudulently concealed these facts from plaintiff, who did not know, and could not ascertain the truth. Damages were sought in an amount equal to the difference between the actual value of the leasehold interest and its value as represented. Southwestern Life Insurance Company and its subsidiary, Valley Royalty Corporation, intervened, alleging that defendant knew they were financing the lease purchase, and the misrepresentation and concealment by defendant was for the purpose of inducing them to advance the purchase money. They alleged Valley Royalty Corporation assigned the lease to plaintiff, reserving a production payment which it assigned to Southwestern Life. On a jury verdict judgment was rendered in favor of plaintiff and intervenors. We affirm.

■ Defendant's first two points assert there was no evidence of, or jury finding as to the value of the leasehold interest "as represented", as required by art. 4004, Vernon's Ann.Tex.Civ.St. The issue submitted on damages inquired (11) the actual value of the lease at the time it was assigned, to which the jury finding was $5000; and (12) its value "if the wells on the lease had been legally producing oil at the rate at which they were then producing oil", to which the jury answered $150,000.

Art. 4004, V.A.T.S. provides that the rule of damages in cases of actionable fraud in real estate transactions is "the difference between the value of the property as represented" and its actual value.

The complaint that there was no jury finding as to the value as represented is overruled. Plaintiff's ground of recovery under Rule 279, Texas Rules of Civil Procedure consisted of more than one issue. An issue necessary to sustain this ground, and necessarily referable to it was submitted without objection to the asserted omission. The omitted issue is deemed found, under the terms of the Rule, in support of the judgment. The only applicable objections to the charge were that "there is not a proper measure of damages as it is given in that connection" and that Issue 12 "places a burden upon the defendant which the law does not place". These are too general to constitute objections to the omission now complained of. McDonald v. New York Central Mut. Fire Ins. Co., Tex.Sup., (1964) 380 S.W.2d 545; Whitson v. Bluff Creek Oil Co., 156 Tex. 139, 293 S.W.2d 488; Strachan Shipping Co. v. Petty, Tex.Civ. App., 369 S.W.2d 526, writ ref. n. r. e., and cases cited; McDonald, Texas Civil Practice, Sec. 12.29, p. 1141ff. The evidence was adequate to support the finding made and the implied finding of the value of the leasehold as represented.

■ It is contended that there was no evidence or jury finding that defendant was aware plaintiff did not know of the condition of the three wells, and that there is no evidence to support jury findings that defendant knew of their condition.

It was stipulated that wells 1 and 2 were slanted outside the lease boundaries and producing from other property, and the undisputed evidence is that well 3 was a nonproductive "dummy". There is ample evidence to support the findings made. The issues as to defendant's knowledge of plaintiff's ignorance do not relate to an element essential to the ground of recovery. Appellant cites no authority supporting the argument, and we have discovered none.

■ It is also said there is no evidence raising the issue, and no issue submitted as to whether plaintiff relied upon defendant's conduct and representations. There were jury findings that Valley Royalty Corporation would not have purchased but for defendant's concealment, and that plaintiff should not, in the exercise of reasonable diligence have discovered that wells 1 and 2 were slanted, even by extending his independent investigation. These issues included and submitted the issue of reliance, and they are supported by the evidence.

■ Defendant urges that one of intervenor-appellees suffered no damage, and the

court therefore erred in awarding damages to it. The damages assessed by the judgment were based on the jury findings and awarded a $145,000 lump sum based thereon. It then apportioned this amount among plaintiff and intervenors, and applied credits. The apportionment is a matter for complaint only by appellees, who do not complain. They pleaded and proved action in concert in an "ABC" transaction in which Valley Royalty Corporation financed the purchase. There was only a single cause of action asserted, one judgment and one recovery.

This, and appellant's other points have been considered, and are overruled.

Affirmed.