**PRAETORIAN MUTUAL LIFE INSURANCE COMPANY, Petitioner,**

v.

**Hortense SHERMAN, Respondent.**

**No. B–1936.**

Supreme Court of Texas.

June 3, 1970.

Rehearing Denied July 8, 1970.

John N. Harris, Dallas, George D. Neal, Houston, for petitioner.

Ed Lasof, Harry Burns, Houston, for respondent.

CALVERT, Chief Justice.

In this suit by Hortense Sherman to recover the benefit provided in a policy of life insurance issued by Praetorian Mutual Life Insurance Company on the life of Thomas J. Sherman, now deceased, Praetorian defended primarily on the ground that issuance of the policy had been procured by fraudulent representations through false answers of the insured to questions contained in the application. The case was tried to a jury. Following return of the jury's verdict, the trial court overruled the plaintiff's motion for judgment, but granted Praetorian's motion and rendered judgment that plaintiff take nothing. The court of civil appeals reversed the trial court's judgment and rendered judgment for plaintiff for the principal amount of the policy, plus interest, 12% penalty and $7,500 attorney fees. Tex.Civ.App., 448 S.W.2d 227. We reverse and remand.

Praetorian predicated its defense to the suit upon false answers given by the insured to several questions in the application. All but the answer inquired about in special issue no. 1 have gone out of the case as a basis for the trial court's judgment. In response to special issue no. 1, the jury found that the admittedly false answer of the insured that "he had not within the past five years consulted or been attended by any doctor or other practitioner * * *" was material to the risk of Praetorian in issuing its policy. It then found in response to special issue no. 2 that the foregoing false answer of the insured "was made by him for the purpose of wrongfully inducing Praetorian Mutual Life Insurance Company to issue said policy of insurance." It was upon these two findings that the trial court entered its take-nothing judgment. The court of civil appeals reversed because Praetorian failed to obtain a jury finding that in issuing its policy it relied upon the truth of the answer, a finding said by the court to be essential to Praetorian's defense.

Praetorian presents two reasons for urging that the court of civil appeals erred in reversing the trial court's judgment. They are that reliance (1) is established by the evidence as a matter of law; and, alternatively, (2) was found by the jury in response to special issue no. 2. These same contentions were presented to the court of civil appeals and were rejected.

█ We agree with the court of civil appeals' holding that, to defeat recovery on the policy, Praetorian had the burden of establishing either as a matter of law or by a fact finding that, in issuing its policy to the insured, it relied on the truth of his false answer. See Manhattan Life Ins. Co. v. Harkrider, 396 S.W.2d 207, 214 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e., 402 S.W.2d 511); Bankers Standard Life Ins. Co. v. Atwood, 205 S.W.2d 74, 77 (Tex.Civ.App.—Austin 1947, no writ); General American Life Ins. Co. v. Martinez, 149 S.W.2d 637, 640 (Tex. Civ.App.—El Paso 1941, writ dism'd jdgmt cor.); Maniatis v. Tex. Mut. Life Ins. Co., 90 S.W.2d 936, 937 (Tex.Civ.App.— Waco 1936, no writ). The finding that the insured's false answer was material to the risk is not equivalent to a finding of reliance. General American Life Ins. Co. v. Martinez, supra.

█ We also agree with the holding of the court of civil appeals that the evidence in this case does not establish reliance as a matter of law. The only evidence of reliance is found in the testimony of John E. Mayo, Secretary of Praetorian and in charge of its underwriting, an interested witness. The "interested witness" rule, which governs in situations such as this, is stated in Great American R. Ins.

Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.1943), in these words:

"If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Woolgrowers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. [Cases cited]."

Praetorian had a full medical examination of Sherman made by Dr. Messer on January 11, 1965, the day before issuance of the policy. The doctor's report was available to Praetorian and was examined by Mr. Mayo before the policy was issued. It showed the applicant to be in normal good health. This fact alone put at issue Mayo's statement that he relied on the insured's answer to the vital question in the application; the medical examination requirement "tends" to impeach or discredit Mayo's testimony of reliance, and presented a fact issue as to whether Praetorian relied solely on the answer in the application, solely on the medical examination, or partly on each. And the plaintiff had absolutely no means or opportunity of disproving Mayo's testimony of reliance.

■ But Praetorian urges that special issue no. 2 submitted the issue of reliance when considered in light of a special instruction. The issue inquired whether the answer of the insured that he had not within the past five years consulted or been attended by a doctor or other practitioner "was made by him for the purpose of wrongfully inducing the Praetorian Mutual Life Insurance Company to issue said policy of insurance?" In the forepart of the charge the term "wrongfully inducing" was defined as follows:

"By the term 'wrongfully inducing' as used in this charge, is meant the concealment or misstatement of facts as an inducement to a reasonably prudent insurance company to issue a policy of insurance, which policy would not have been issued if such facts had not been concealed or misstated."

We agree with the court of civil appeals, once again, in its holding that special issue no. 2 and the quoted instruction did not submit the element of reliance. The issue quite clearly inquired only as to the insured's intention or mental state in making his false answer; and the instruction, although unclear in its meaning, cannot logically be interpreted as converting the issue into an inquiry of reliance.

We are not to be understood as holding that an issue must be submitted which uses the words "rely," or "reliance". An issue in a fraud case which inquires whether a party was induced to act by false representations or concealments has been held to submit the issue of reliance. See Garvin v. Goldsmith, 406 S.W.2d 545, 547 (Tex. Civ.App.—Waco 1966, writ ref'd n. r. e.); Price v. D'Yarmett, 27 S.W.2d 616, 620 (Tex.Civ.App.—El Paso 1930, writ ref'd).

■ We do not agree with Praetorian's contention that plaintiff waived her right to complain by her failure to object to special issue no. 2. The issue and the instruction did not submit the issue of reliance, either perfectly or imperfectly, as we have held, and plaintiff adequately preserved her right to complain by objecting to the charge generally for failure to submit an issue on reliance. Rule 279, Texas Rules of Civil Procedure.

■ In its last point of error Praetorian complains of the action of the court of civil appeals in rendering judgment for the plaintiff rather than remanding the cause to the trial court for a new trial, and we are asked to reverse the court of civil appeals' judgment in that respect. We agree that this should be

done. Our authority to reverse the judgment of the court of civil appeals in the respect mentioned is well established. Rule 505, Texas Rules of Civil Procedure; Scott v. Liebman, 404 S.W.2d 288, 294 (Tex.Sup.1966); Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516, 520 (1959); Hall v. O. C. Whitaker Co., 143 Tex. 397, 185 S.W.2d 720 (1945); Maupin v. Chaney, 139 Tex. 426, 163 S.W. 2d 380 (1942).

The vital question in the application for insurance reads as follows:

"Have you, within the last 5 years, consulted or been attended or examined by any doctor or practitioner? (if 'yes', give below full particulars of dates and names and address of each doctor or other practitioner.)"

The applicant answered "no", and thus avoided giving the particulars called for in the event of a "yes" answer. The record before us reflects that the applicant had visited a doctor on forty-three occasions in the four and one-half years immediately preceding execution of the application and issuance of the policy on January 12, 1965; and that nine of the visits were in October, six in November and six in December, 1964, and two were in January immediately preceding the application. Moreover, the evidence also reflects that the visits in November, December and January were for treatment of an ailment diagnosed by the doctor as pleurisy in the right lung. Sherman died from lung cancer on March 30, 1966.

Rule 505, Texas Rules of Civil Procedure, authorizes this court, upon reversal, to remand the case to the trial court "if it shall appear that the justice of the case demands another trial." We are of the opinion that justice requires that a jury be afforded an opportunity to make full fact findings on the issue of fraud. Cf. Davis v. Gale, 160 Tex. 309, 330 S.W.2d 610 (1959); Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516, 520 (1959); Hicks v. Matthews, 153 Tex. 177,

266 S.W.2d 846 (1954); Eaton v. R. B. George Investments, 152 Tex. 523, 260 S.W.2d 587, 591–592 (1953).

The judgments of the court of civil appeals and the trial court are reversed and the cause is remanded to the trial court for retrial.