**PENCE CONSTRUCTION CORPORATION,**
Petitioner,

v.

**Francia K. WATSON, Guardian of the Estate of Travis H. Watson, non compos mentis, Respondent.**

No. B–2566.

Supreme Court of Texas.

July 21, 1971.

Rehearing Denied Oct. 6, 1971.

Fulbright, Crooker, Freeman, Bates & Jaworski, Sam W. Cruse and William H. Payne, Houston, for petitioner.

Foreman, Dyess, Prewett & Henderson, A. D. Dyess and J. Anthony Hale, Houston, for respondent.

REAVLEY, Justice.

The employee of a subcontractor sued the general contractor for damages suffered by falling through an opening on the roof of a building under construction. The trial court withdrew the case from the jury after plaintiff rested, and judgment was rendered for defendant. The court of civil appeals held the evidence to raise an issue as to the violation of a duty owed by defendant to plaintiff and remanded the case for trial. 462 S.W.2d 81. We reinstate the trial court's judgment.

Pence Construction Corporation was general contractor to build a one-story commercial building. It subcontracted the roof decking work to Shelton W. Greer Company. On June 23, 1966 a Greer Company crew began performance. At that point the building consisted of a concrete slab with sides enclosed but without any covering on the structural steel framing. In addition to the bar joists of the skeleton for the roof, provision for three vents was made by steel angles welded in box shape at the proper locations. On June 23 a Greer Company crew welded galvanized metal sheets to cover this skeleton, but the three openings were left where the vents would be. On the following day another Greer Company crew came to the job to pour a layer of vermiculite, a light-weight concrete mixture, on top of the metal sheeting to complete the roof deck. Travis Watson, the plaintiff, was foreman of this second Greer Company crew. He arrived at the site on June 24 by 7:30 a. m. We do not know how much time Watson spent on top of the structure or how he fell; but in the early afternoon when he was apparently removing two unused metal sheets, he fell through one of the vent openings approximately 32½ inches square. He was very badly hurt.

It is plaintiff's contention that the general contractor should have barricaded or covered this opening to discharge a duty to provide a safe place of work for the subcontractor's employee. The duty of Pence, as general contractor, to Watson, as an employee of a subcontractor, is that duty of the owner or occupant of land owed to a person invited to use the premises for business purposes. Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425 (1950). The duty is discharged by a warning to the invitee of unreasonable risks of harm either known to the general contractor or which would be known to him by reasonable inspection. Western Auto Supply Co. v. Campbell, 373 S.W.2d 735 (Tex.Sup. 1964). No warning need be given by the general contractor as to those dangers which the contractor knows to be within the knowledge of the invitee. McKee, General Contractor, Inc. v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); Lowe Chemical Co. v. Greenwood, 433 S.W.2d 695 (Tex.Sup.1968).

In Delhi-Taylor Oil Corp. v. Henry, 416 S.W.2d 390 (Tex.Sup.1967), it was held that an adequate warning to the subcontractor, or one supervising his work, would discharge the duty of the occupier (general contractor) to warn the employees of that subcontractor. It was there decided that to require that Delhi-Taylor have warned every workman on the project of the dangerous condition would exact an impossible burden. Since the subcontractor holds a duty to his employees to warn them of dangers where they are working, the general contractor should not ordinarily be required to anticipate his failure to do so.

Under the holding in Delhi-Taylor, even if the openings had not been the work of a Greer Company crew, Pence could have discharged its duty to Watson by informing the Greer Company of the fact that there were openings in the roof structure. To determine Pence's duty to issue warnings for the benefit of Watson, we must consider that information which

Pence knew was possessed by Greer Company. Should the law require Pence to call the Greer Company office on the evening of June 23 and tell the person in charge there that his own men had constructed the first stage of a roof deck and in doing so had left openings for three vents? This would be no more than to say to Greer Company that it had done what it had done. It was a Greer Company crew that created a surface with a hole in it, since they found there only a bracket and then laid metal flooring around one side of the bracket to leave a site from which and through which a person might fall. The disclosure to Greer Company that the latter was doing what its job required could not possibly be expected by a reasonable person in Pence's position to diminish the danger to a Greer Company employee.

The general contractor is ordinarily not required to tell one crew or employee of a subcontractor what another crew or employee of that same subcontractor has done in the performance of the work for which the subcontractor is employed. See Hailey v. Missouri K. & T. RR., 70 S.W.2d 249 (Tex.Civ.App.1934, writ ref.); Humphreys v. Texas Power & Light Co., 427 S.W.2d 324 (Tex.Civ.App.1968, writ ref., n. r. e.); Moore v. Texas Company, 299 S.W.2d 401 (Tex.Civ.App.1956, writ ref., n. r. e.). It may be that under some circumstances there would be a concealed danger or special problem which, though created by a subcontractor's employee, the general contractor should take extra measures to call to the attention of other employees of that subcontractor. If there be such a case, the danger would have to be one that the employee would not recognize by examination of his worksite. Even though we are assuming that this particular danger was not open and obvious to Travis Watson—for if it were open and obvious, there would be no duty to warn either Watson or his employer and the matter would be ended—it is significant that the opening was not concealed and that it was not a walkway but was an opening in the surface upon which Watson was working. Watson himself was responsible to complete the next stage of the construction by pouring vermiculite on this decking around these very openings. The general contractor was entitled to assume that Watson would be familiar with the Greer Company work and that he would see these openings upon examination of his worksite.

Under these circumstances we can find no legal justification for requiring an additional warning by Pence.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

CALVERT, Chief Justice (concurring).

I concur in the judgment rendered.

I would hold that the condition on the premises by which Travis H. Watson was injured was so open and obvious and the dangers therein so apparent that petitioner owed him no duty to protect him from such dangers or to warn him thereof.

WALKER, J., joins in this opinion.