Gilbert D. RAMONE, Appellant,

v.

Paul MANI, M. D., et al., Appellees.

No. 4837.

Court of Civil Appeals of Texas,
Eastland.

Dec. 12, 1975.

Rehearing Denied Jan. 8, 1976.

John Allen Chalk, Rhodes, Doscher, Chalk
& Heatherly, Abilene, for appellant.

George S. Finley, Smith, Davis, Rose,
Finley & Hofmann, San Angelo, Marvin S.
Sprain, Abilene, for appellees.

RALEIGH BROWN, Justice.

The opinion and judgment dated November 14, 1975, is withdrawn and the following opinion is substituted therefor.

This is a medical malpractice personal injury case. Gilbert D. Ramone alleged a sponge was left in his body during surgery by Dr. Paul Mani. Mani made Hendrick Memorial Hospital a third party defendant seeking contribution and indemnity alleging Hendrick's settlement with Ramone entitled him to a release or proportionate reduction of any verdict. The jury found (1) Dr. Mani left a sponge in Ramone but was not negligent in so doing, (2) Dr. Mani was negligent in failing to make an x-ray within a reasonable time after surgery and this proximately caused Ramone's damages, (3) the nurses of Hendrick failed to make a correct count of the sponges, (4) they were not the borrowed employees of Dr. Mani, (5) the nurses were employees of Hendrick, and (6) $42,300 in damages. The trial court entered judgment against Dr. Paul Mani for $21,150 applying the doctrine announced in *Palestine Contractors, Inc., v. Perkins,* 386 S.W.2d 764 (Tex.1964). Ramone appeals.

Ramone argues the court erred in holding Hendrick a joint tort-feasor with Dr. Paul Mani. He contends the court could not find as a matter of law the failure of the nurses to make a correct count of the sponges was negligence and a proximate cause of his injuries nor was there any evidence or sufficient evidence to support a jury finding the nurses failed to make a correct count of the sponges. Ramone also urges there was no evidence or insufficient evidence to support the findings the nurses were the employees of Hendrick and not the borrowed employees of Dr. Mani.

■ Texas follows the rule an operating surgeon may be held liable for the negligence of an assisting nurse in the general employment of a hospital when the alleged acts of negligence are done while the nurse is under the direct control or supervision of the surgeon. *Webb v. Jorns,* 488 S.W.2d 407 (Tex.1972); *Harle v. Krchnak,* 422 S.W.2d 810 (Tex.Civ.App.—Houston (1st Dist.) 1967, writ ref. n.r.e.), and *McKinney v. Tromly,* 386 S.W.2d 564 (Tex.Civ.App.—Tyler 1964, writ ref. n.r.e.). This results from an application of the "borrowed servant" rule which is stated in *McKinney*:

"The early case of *Western Union Telegraph Co. v. Rust,* 55 Tex.Civ.App. 359, 120 S.W. 249, err. ref., recognized the rule that one can be in the general employ of one master and the special employee of another at the same time; and if the special master has the right of control, he is liable for the negligence of the servant."

■ If the nurses, however, were acting as servants of the hospital, and not as borrowed servants of Dr. Mani, at the time of a negligent incorrect sponge count, the hospital would be liable under the doctrine of respondeat superior.

The jury found the nurses were the employees of Hendrick, and not the borrowed employees of Dr. Mani. Ramone has challenged such findings. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex.1974), said:

"When a party asserts that there is no evidence to support jury findings, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings. *Butler v. Hanson,* 455 S.W.2d 942 (Tex.1970); *Langlotz v. Citizens Fidelity Insurance Company,* 505 S.W.2d 249 (Tex.1974)."

Physicians, permitted to do surgery at Hendrick, have nothing to do with the assignment of personnel to the operating room. All of the personnel, except the anesthesiologist, are employed directly by the hospital. Personnel may be replaced during surgery at the direction of the hospital without the consent of the surgeon. Prior to surgery, the operating room is prepared by hospital personnel, including the supplying of all equipment and supplies. In surgical procedures established by Hendrick, nurses are directed how, when and how many times to count sponges.

■ Applying the rule announced in *Martinez,* we disagree with the challenge of Ramone. Further, we have carefully considered the entire record and hold that such findings are not factually insufficient. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Although we have been cited no Texas case making this distinction, other jurisdictions following the "borrowed servant" rule in assessing liability as between the surgeon and the hospital for the conduct of nurses assisting the surgeon but generally employed by the hospital have recognized a distinction in the type of service or act performed by the nurse.

In considering the counting of sponges by a nurse assisting in surgery, the Louisiana court in *Danks v. Maher,* 177 So.2d 412 (La.App. (4th Cir.) 1965), said:

"In our opinion the counting of laparotomy squares in the instant case was not an act requiring the exercise of a particular skill or discretion acquired or developed by special training. It was an act which could have been done by an unskilled or untrained employee and it did not involve the exercise of any professional judgment. We conclude that the incorrect count was not a medical mistake; it was an administrative or nonprofessional mistake from which liability on the part of the hospital can result."

A Florida court in *Buzan v. Mercy Hospital, Inc.,* 203 So.2d 11 (Fla.App. (3rd Dist.) 1967), followed with approval the Tennessee court in *Rural Education Association v. Bush,* 42 Tenn.App. 34, 298 S.W.2d 761 ((Middle Section) 1956), which stated:

"When a nurse acts under the orders of a private physician in matters involving professional skill and decision, she is absolved from liability for her acts. Many acts of a nurse, however, do not result from orders of the physician. Furnishing proper personnel and equipment for an operation are duties of a hospital. The selection of proper sponges was the duty of the Hospital. Counting the sponges so as to see that no sponge was left in the body of the patient required no special

professional skill or decision of the surgeon. Indeed, Dr. Schuler, relied upon the sponge count of the nurse."

See also: 29 A.L.R.3d 1065.

■ The evidence supports the finding the nurses failed to make a correct count of the sponges. *Martinez v. Delta Brands, Inc., supra.* After reviewing the entire record we hold such finding is not factually insufficient. *In re King's Estate, supra.*

■ If the nurses were the employees of Hendrick, not the borrowed employees of Dr. Mani, and their negligent conduct proximately caused the damages to Ramone, Hendrick would be a joint tort-feasor with Dr. Mani.

Ramone properly objected the the omission of the elements of negligence and proximate cause in conjunction with the submission of the issue inquiring as to the nurses' failure to make a correct count of the sponges. Rule 279, T.R.C.P. He argues the court erred in holding as a matter of law such failure was negligence and a proximate cause of his injuries.

Dr. Mani urges the court was correct in not submitting the elements of negligence and proximate cause contending from a procedural point the case at bar is in identical posture to *Harle v. Krchnak,* 422 S.W.2d 810 (Tex.Civ.App.—Houston (1st Dist.) 1967, writ ref. n.r.e.). We disagree.

The court in *Harle* considering the negligence of the nurses in failing to properly count the sponges said in part:

"It is undisputed that the nurses assisting the doctor made a mistake in counting the sponges, . . ."

". . . There is no evidence that one or more of the sponges had come apart. As presented to the court the evidence simply showed that the sponges were not counted correctly . . ."

". . . There is no evidence that the count was necessarily hurried. The only reasonable conclusion to be drawn from the evidence detailing how the count was made, and the circumstances under which it was made, is that the circulating nurse

was guilty of negligence in failing to properly count the sponges."

In the present case there is evidence the nurses made a correct sponge count at the time of the surgery. Dr. Mani made a second opening in search of a lost ureter stone without the knowledge of his scrub nurse. The loss of the ureter stone and the request of Dr. Mani that all operating room personnel search for the stone created confusion and distraction during the surgery. When the sponge was taken from Ramone's body it was in three parts.

The court in *Mid-Tex Development Company v. McJunkin,* 369 S.W.2d 788 (Tex.Civ. App.—Dallas 1963, no writ), said:

"Ordinarily questions of negligence and proximate cause are fact issues, but sometimes when the material facts are undisputed they become questions of law. *Texas & N. O. R. Co. v. Burden,* 146 Tex. 109, 203 S.W.2d 522; *Safeway Stores Inc. of Texas v. Brigance,* Tex.Civ.App., 118 S.W.2d 812."

It is stated in *Hammon v. Texas & New Orleans Railroad Company,* 382 S.W.2d 155 (Tex.Civ.App.—Tyler 1964, writ ref. n.r.e.) cert. den., 382 U.S. 832, 86 S.Ct. 73, 15 L.Ed.2d 76:

". . . Generally, the question of whether or not there is negligence is one of fact. It is only in the clearest cases, where the facts are undisputed, and are such that reasonable minds can draw but one inference or conclusion therefrom, that a court is justified in finding the existence of negligence as a matter of law. *Fort Worth & D. Ry. Co. v. Barlow,* Tex.Civ.App., 263 S.W.2d 278; *Houston Belt & Terminal Company v. Chance,* Tex.Civ.App., 332 S.W.2d 430."

After a careful consideration of the facts in the case at bar, we hold reasonable minds could draw different conclusions or inferences as to whether the nurses were negligent in counting the sponges and the submission of negligence and proximate cause for the jury's determination was required.

By cross points, Dr. Mani urges that if the verdict should not be reduced by 50 percent, the jury's answers to special issues inquiring as to the damages Ramone has suffered as a result of loss of earnings and expenses incurred for drugs, medicine, physician fees and hospital expenses are against the great weight and preponderance of the evidence. We disagree. *In re King's Estate,* supra.

The judgment is reversed and the cause remanded.

On Motion for Rehearing

We disagree with the contention of Ramone that the surgeon is exclusively liable during surgery for the negligent acts of all operating room personnel, who are general employees of the hospital. Ramone argues that under the "Captain of the Ship" theory the surgeon is exclusively responsible for all operating room personnel assisting in the surgery. We conclude Texas follows the "borrowed servant" doctrine holding the surgeon liable for the negligent acts of personnel under the surgeon's direct control or supervision. *McKinney v. Tromly,* 386 S.W.2d 564 (Tex.Civ.App.—Tyler 1964, writ ref. n.r.e.). In appropriate cases, operating room personnel assisting in the surgery may be "borrowed servants" as a matter of law.

There is reference in our opinion that other jurisdictions following the "borrowed servant" rule in assessing liability as between the surgeon and hospital employees assisting the surgeon during surgery recognize a distinction in the type of service or act performed. While such cases were mentioned, in the instant case, the "right of control" test as recognized in Texas and not the "nature of the task performed" test was applied.

The nurses' alleged failure to make a correct count of the sponges was submitted to the jury without the issues of negligence and proximate cause. Ramone properly objected to such omission and contends Doctor Mani has thus waived such ground of defense. We disagree.

The court in *Friedman v. Powell Electrical Manufacturing Co.,* 456 S.W.2d 758

(Tex.Civ.App.—Houston (1st Dist.) 1970, no writ), in considering a like problem said:

"  .   .   .   Here the ground of recovery was submitted to the jury.   The submission was incomplete and defective.   In such a case the proper judgment is to reverse and remand for a new trial. *Praetorian Mutual Life Insurance Co. v. Sherman,* 455 S.W.2d 201 (Tex.1970); *Hicks v. Matthews,* 153 Tex. 177, 266 S.W.2d 846 (1954)."

We find nothing in the record to cause us to change the judgment heretofore entered. The motion for rehearing is overruled.