Gilbert D. RAMON, Petitioner,

v.

Paul MANI et al., Respondents.

No. B–5769.

Supreme Court of Texas.

Jan. 12, 1977.

Rhodes, Doscher, Chalk & Heatherly, A. L. Rhodes and John Allen Chalk, Abilene, for petitioner.

Smith, Davis, Rose, Finley & Hofmann, George S. Finley, San Angelo, Texas, Marvin S. Sprain, Abilene, for respondents.

POPE, Justice.

Gilbert D. Ramon sued Dr. Paul Mani and Hendrick Memorial Hospital for damages caused by a sponge that was left in his abdomen following an operation. Plaintiff Ramon took a non-suit against the hospital after it settled the claim against it by paying Ramon 10,000 dollars, but defendant Dr. Mani brought the hospital back into the case by a third-party action. The jury found that Ramon suffered damages in the sum of 42,300 dollars. The trial court, holding that Dr. Mani was entitled to contribution against the hospital, rendered judgment that Ramon recover 21,150 dollars from Dr. Mani. Dr. Mani did not appeal. Plaintiff Ramon appealed, insisting that Dr. Mani was solely liable for the negligence of the nurses in the operating room under the doctrine known as the captain of the ship, and that plaintiff was therefore entitled to recover the full amount of damages. Dr. Mani insisted that the nurses were not his employees but were employees of the hospital.

The jury found: (1) that Dr. Mani left a sponge in Ramon's retroperitoneal cavity, but (2) he was not negligent in doing so, (3) an X-ray would have revealed the presence of the sponge, (4) Dr. Mani failed to make an X-ray, which was negligence and a proximate cause of Ramon's injury. (5) The jury refused to find that the scrub and circulating nurses in the operating room during the surgery were Dr. Mani's borrowed employees, but did find (6) that the nurses failed to make a correct sponge count, and (7) that the nurses were employees of the hospital in the performance of the act of counting sponges. Plaintiff objected to the trial court's failure to submit issues which inquired about the nurses' negligence and proximate cause.

The court of civil appeals disapproved the captain of the ship doctrine and held that Dr. Mani's liability for the negligent conduct of the nurses was, under the evidence, determined by the borrowed servant rule. The court of civil appeals, however, reversed the judgment and remanded the cause for another trial since the trial court refused to submit issues concerning the nurses' negligence and proximate cause. 535 S.W.2d 654.

■ This court granted the writ of error in this cause at the same time it granted the writ in *Sparger v. Worley Hospital, Inc.,* 547 S.W.2d 582 (Tex. 1977). In both cases, the central question was whether a surgeon in the conduct of an operation in the operating room is liable as captain of the ship even though negligence may be that of a person who is not his employee or his borrowed servant. Our decision in *Sparger* rejected the captain of the ship doctrine by our holding that an operating surgeon's vicarious liability must be measured by the standards common to other employers.

■ The jury in this case found that the nurses were not Dr. Mani's borrowed servants but were instead the employees of the hospital. Without restating the evidence, those jury answers did find support in the evidence. Ramon also insists that he was entitled to a judgment against Dr. Mani for the full amount of the jury find-

ing, since Dr. Mani failed to prove that the hospital was a joint tortfeasor. Ramon objected to the court's charge because there were no issues submitted which inquired whether the nurses, as the hospital's employees, were negligent and if so, whether such negligence was a proximate cause of Ramon's damages. The court of civil appeals ruled that the nurses' negligence and proximate cause were not proved as a matter of law and it was for that reason that the court remanded the cause for another trial, citing in support of the remand *Praetorian Mutual Life Insurance Co. v. Sherman,* 455 S.W.2d 201 (Tex.1970).

We affirm the judgment of the court of civil appeals.

SAM D. JOHNSON, J., dissents.

YARBROUGH, J., not sitting. He was not a member of the Court when the cause was orally argued before this Court.

SAM D. JOHNSON, Justice dissenting.

This dissent is respectfully submitted.

As set forth in this writer's dissenting opinion in *Dr. C. F. Sparger v. Worley Hospital, Inc., et al.,* Tex., 547 S.W.2d 582 handed down this same date, this writer would retain the historic position of this state as represented by *Harle v. Krchnak,* 422 S.W.2d 810 (Tex. Civ. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.), and *McKinney v. Tromly,* 386 S.W.2d 564 (Tex. Civ. App.—Tyler 1964, writ ref'd n.r.e.), and hold that an operating surgeon may be liable for any negligence occurring in the operating theater.