**Darrell R. BACA, Appellant,**

v.

**SAND, INC., Appellee.**

No. 17582.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 20, 1980.

Rehearing Denied June 26, 1980.

Stanley F. Swenson, Houston, for appellant.

Fulbright & Jaworski, Sim Lake, Houston, for appellee.

Before EVANS, PEDEN and WARREN, JJ.

EVANS, Justice.

This is a personal injury action. The plaintiff, Darrell R. Baca, appeals from a take nothing judgment entered *non obstante veredicto* in favor of the sole defendant, Sand, Inc.

The plaintiff lost part of his right arm when it became engaged in the moving gears of a dragline he was attempting to lubricate. The dragline, owned by the plaintiff's employer, T. A. Kilgore & Son, Inc., was being used to excavate sand from leasehold premises owned by the defendant, Sand, Inc., and the plaintiff contended that Sand, Inc., had been negligent in supplying him with defective equipment and in failing to warn or otherwise guard him against the dangerous nature of the machinery.

In response to special issues the jury found that Sand, Inc., was negligent (a) in failing to provide the plaintiff a safe place to work; (b) supplying or permitting to be supplied antiquated, ill-equipped equipment; (c) in failing to properly instruct personnel as to the use of dangerous equipment; and (d) in failing to supply and provide a proper guard for the dragline gears. The jury further found that each of such acts or omissions was a proximate cause of the occurrence, and it awarded the plaintiff $270,000 for past loss of earnings, past and future medical expenses, and physical pain and mental anguish.

In support of the trial court's judgment n.o.v., the defendant Sand, Inc., contends that it owed the plaintiff no duty to warn or otherwise protect him against the dangerous condition of the machinery because the danger arose out of the performance of the work for which he was employed. Con-

tending that the status of the plaintiff's employer, T. A. Kilgore & Son, Inc., was that of an independent contractor, the defendant, Sand, Inc., relies upon the rule that where an activity is conducted by and is under the control of an independent contractor, and where the danger arises out of the activity of the independent contractor's staff, the responsibility for the activity is that of the independent contractor, and not that of the owner of the premises. See *Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627, 631 (Tex.1976); *Shell Chemical Company v. Lamb*, 493 S.W.2d 742, 747 (Tex.1973); *Pence Construction Corp. v. Watson*, 470 S.W.2d 637 (Tex.1971). It is the defendant's position that the sand excavation operation was being conducted entirely by T. A. Kilgore & Son, Inc., and that Sand, Inc., was merely a trade name used by T. A. Kilgore & Son, Inc., for business convenience.

The unusual factor in this case, which distinguishes it from the authorities relied upon by the defendant, is that exclusive control of the entire sand excavation operation was vested in one individual, the principal officer of both the parent corporation, T. A. Kilgore & Son, Inc., and its subsidiary, Sand, Inc.

It is undisputed that Mr. Charles C. Kilgore, the president of Sand, Inc., and vice-president of T. A. Kilgore & Son, was the "foreman in charge" of the entire sand excavation operation at the time of the accident. Although Mr. Kilgore testified that all of the persons working at the site were employees of T. A. Kilgore & Son, Inc., and that Sand, Inc., held only a lease on the premises, he admitted that the "whole business" was in his charge and that he had responsibility for everything going on there, including safety precautions. He further testified that the sand excavation business had been carried in the yellow pages of the telephone book under the name "Sand, Inc."; that the sign on the premises designated the business as "Sand, Inc."; and that when customers ordered sand they were given a receipt showing the business name to be "Sand, Inc."

A corporation is liable for the torts committed by its agents in the scope of their authority to the same extent as any other principal. Hildebrand, Texas Corporations, Volume 3 § 791, p. 233 (13 Texas Law Review, 253). Where a corporate officer, selected by the company's board of directors, is empowered to manage a distinct phase of the corporate business in every essential respect, his acts in the line of duty are those of a vice-principal, and the corporation is liable for his negligent actions in the performance of his corporate duties. *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 400 (1934).

In the instant case, the jury could have concluded from all of the circumstances in evidence that Charles C. Kilgore was acting as a vice-principal of both T. A. Kilgore & Son, Inc., and its subsidiary, Sand, Inc., in a single business enterprise. The jury's finding of negligence on the part of Sand, Inc., necessarily reflects its determination that Mr. Kilgore participated, as the agent of Sand, Inc., in the dangerous activity which resulted in the plaintiff's injury.

Mr. Kilgore's testimony tended to show that his actions with respect to the sand excavation operation were conducted solely on behalf of T. A. Kilgore & Son, Inc., but his testimony, being that of an interested witness, did no more than raise a fact question for the jury. *Cochran v. Wool Growers Central Storage Company*, 140 Tex. 184, 166 S.W.2d 904 (1943); *Praetorian Mutual Life Insurance Company v. Sherman*, 455 S.W.2d 201 (Tex.1970). Thus, if the jury determined from all the evidence that Mr. Kilgore participated, as president of Sand, Inc., in the management of the dangerous activity, it could properly have concluded that Sand, Inc., was negligent in the particulars alleged.

Under the jury's verdict that Sand, Inc., was negligent and that its negligence was a proximate cause of the plaintiff's injury, Sand, Inc., as one of two tort-feasors, was responsible to the plaintiff for the full amount of his damages.

It is also the contention of Sand, Inc., that even if it owed some duty to the plain-

tiff, that duty was discharged as a matter of law, because the plaintiff's employer, T. A. Kilgore & Son, Inc., was charged with knowledge of the dangerous condition. Sand, Inc., relies upon the rule set forth in *Delhi-Taylor v. Henry* that when an occupier of land owes a duty to employees of an independent contractor to protect or warn them against hidden dangers on the premises, an adequate warning to or full knowledge by the independent contractor of such dangers discharges the landowner's alternative duty to warn. *Delhi-Taylor v. Henry*, 416 S.W.2d 390 (Tex.1967). This contention will be overruled for the reasons stated above. Furthermore, there is persuasive authority holding that the *Delhi-Taylor* rule has been nullified by the Texas Supreme Court in *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 518 (Tex.1978); *Schley v. Structural Metals, Inc.*, 595 S.W.2d 572 (Tex.Civ. App.-Waco, 1979).

There is legally sufficient evidence to support the jury's finding that Sand, Inc., was negligent and that such negligence was a proximate cause of the accident. The trial court's judgment *non obstante veredicto* must, therefore, be reversed. *Dodd v. Texas Farm Products Co.*, 576 S.W.2d 812 (Tex.1979); *Douglass v. Panama, Inc.*, 504 S.W.2d 776 (Tex.1974). The remaining question is whether the cause should be remanded for further proceedings.

In two cross points of error, Sand, Inc., contends that the evidence is factually insufficient to support the jury's finding of negligence and that such finding is against the great weight and preponderance of the evidence. Under these cross points, Sand, Inc., points to evidence showing that the plaintiff had been working at the sand pit for five or six weeks prior to the accident and had helped two dragline operators grease different parts of their draglines prior to the day of the occurrence. Sand, Inc., also refers to testimony indicating that the plaintiff knew the need for care when working around moving gears; that he had applied the lubricating compound to another dragline in the same manner he was applying it at the time of the accident, and that his method of application was consist-

ent with Kilgore's traditional method of lubricating dragline gears.

There was, however, evidence from which the jury could have decided the issue of negligence in favor of the plaintiff, and its finding in such respect is not against the great weight and preponderance of the evidence. Mr. Kilgore admitted that no inquiry had been made of the plaintiff to determine whether he had any experience in the maintenance of dragline equipment and that no special safety training had been given the plaintiff with respect to the maintenance of such machinery. The lubricating compound was of such heavy viscosity that it did not flow freely from the tube, and in cold weather the tube had to be heated before the lubrication could be applied. In order to apply the compound to the dragline gears, it was necessary to lift the guard from the moving gears, and unless a person was instructed just how to apply the compound to the gears, a danger existed that the gears would "grab him" as the compound was applied. The plaintiff testified that he had never before applied the lubricating compound to the gears of the particular dragline which injured him and that no one had told him about the gears and how dangerous they could be. He testified that it was quite cold on the day of the accident and that when the compound came out of the tube, it hit the rotating gears, his glove became snagged, and his hand, and then his arm, were pulled into the gears until his arm was chewed off at the elbow. These cross points are overruled.

In a third cross point Sand, Inc., contends that the trial court erred in refusing to submit the following requested instruction:

> You are instructed that when a danger arises out of an activity conducted by, and is under the control of, a party other than Sand, Inc., that the responsibility of warning or of correcting such danger is that of the other party, and not Sand, Inc.

This instruction is defective because it did not correctly instruct the jury on the law

applicable to the circumstances of this case. If Sand, Inc., participated with T. A. Kilgore & Son, Inc., in the operation of the sand excavation enterprise through the activities of its joint agent, Charles C. Kilgore, it was responsible to the plaintiff, as a joint tort-feasor, for any injury proximately caused by the agent's negligence. Only if the jury had concluded, under appropriate instructions, that the dangerous activity had been conducted by and under the "sole" or "exclusive" control of some other party would Sand, Inc., have been relieved of liability. Since the requested instruction did not properly inform the jury in this respect, it was not error for the trial court to deny the request that it be given to the jury. This cross-point is overruled.

The trial court's judgment is reversed and judgment is rendered that the plaintiff Darrell R. Baca recover from the defendant Sand, Inc., the sum of $270,000 together with interest thereon at the lawful rate from and after the date of the trial court's judgment. Rule 434, Tex.R.Civ.P.

Reversed and rendered.

### On Motion for Rehearing

In its original opinion this court held that the finding of the jury that Sand, Inc., was negligent constituted a determination that Charles C. Kilgore participated as the agent of Sand, Inc. in the dangerous activity. The court now concludes that it erred in this holding.

There is no direct evidence that the defendant Sand, Inc., empowered Mr. Kilgore to take charge of the dragline operation or that the defendant Sand, Inc., had the authority to do so. Sand, Inc., as holder of the leasehold estate, was admittedly in general charge of the premises. However, it is undisputed that T. A. Kilgore & Company owned and operated the dragline machinery.

In order to recover against the defendant Sand, Inc., upon the doctrines of respondeat superior or agency the plaintiff had the burden of proving that Charles C. Kilgore acted on the part of Sand, Inc., in his control of the operation of the dragline equipment. This fact was not established by the plaintiff as a matter of law, and the plaintiff failed to submit any issue to the jury on the question. Since the trial court's judgment was adverse to the plaintiff's position, the omitted issue cannot be deemed found under Rule 279, Tex.R.Civ.P.

It is unnecessary to consider whether the defendant Sand, Inc., would be liable, as the occupier of the leasehold premises, for a failure to warn the plaintiff of the dangerous condition. Aside from the argument advanced by the defendant Sand, Inc., that it had no legal duty to warn the plaintiff, it is clear from the record that the plaintiff did not obtain a finding of negligence based upon a failure to warn. The jury found that Sand, Inc., was negligent in failing to "properly instruct" personnel as to the use of dangerous equipment, but this finding cannot support a judgment for the plaintiff because it was not established that the defendant Sand, Inc., had any right to control the dragline operation.

The motion for rehearing is granted, this court's original judgment is vacated and set aside, and the trial court's judgment is affirmed.