Bert L. **CLARDY**, Appellant,

v.

**DRESSER INDUSTRIES, INC.**, Appellee.

No. 16956.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1977.

J. Donald Bowen, Helm, Pletcher, Hogan & Burrow, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Donald B. McFall, Houston, for appellee.

PEDEN, Justice.

Mr. Bert L. Clardy, plaintiff in the trial court, appeals from a judgment based on a jury's failure to find that he sustained any compensable injuries from an automobile collision. The trial judge found the defendant, Dresser Industries, liable as a matter of law, and the parties stipulated "to past medical . . . in the amount of $390." Mr. Clardy asserts that the trial court erred in rendering judgment on the jury finding of no other compensable damages because that finding is against the great weight and preponderance of the evidence and because all of the evidence conclusively proves that he suffered a compensable injury. We affirm.

On October 5, 1973, Mr. Clardy was struck from the rear by a car driven by an employee of Dresser Industries. Clardy dismissed the employee from the action and he did not testify. The trial judge submitted only this damage issue to the jury:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Bert L. Clardy for his injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?

You shall consider the following elements of damage, if any, and none other:

a. Physical pain and mental anguish in the past.

b. Physical pain and mental anguish which, in reasonable probability, he will suffer in the future.

c. Loss of earning capacity which, in reasonable probability, he will sustain in the future.

Answer in dollars and cents, if any.

You are instructed that in answering the preceding Special Issues, you may only take into consideration such damage, if any, that directly and proximately results from the injuries, if any, made the basis of this suit, such diseases, if any, as naturally and proximately resulted from such injuries, if any, and proximately caused by the injuries, if any, suffered by him as a direct result of the occurrence made the basis of this suit."

The jury answered: "0 (none)"

■ We first consider the point of error asserting that all the evidence conclusively proves that he suffered a compensable injury. This is a no evidence point, so if there is any evidence of probative force to support the jury finding, such evidence is binding upon the reviewing court. We look only to the evidence favorable to the verdict. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952).

Mr. Clardy testified that he could not say how far his car was pushed by the impact, but said "All I know I got out and I could drive my car out and I had a slight scrape." He ascribed to the accident his migraine headaches and pain that extends from his right shoulder to his right eye. He also complained of dullness from his many medications. A number of inconsistencies in Mr. Clardy's testimony were demonstrated; no useful purpose would be served in recounting them. He had previously been involved in automobile accidents in 1960, 1967, 1971, and the spring of 1973.

Much of the record consists of testimony concerning Mr. Clardy's medical problems. He has had migraine headaches since the age of 5, stomach problems, diabetes and

arthritis. Dr. Harvey Kornblit, a neurologist, testified that Mr. Clardy told him he had been suffering from neck problems since his 1960 auto accident and had had problems with an "arthritic neck" since at least 1964. Aside from the testimony of the plaintiff, the only evidence that he was injured in the accident in question was the testimony of Dr. Kornblit. He stated that he first saw the plaintiff ten days after the accident and that his only objective findings were those based on x-rays taken seventeen months after the accident. They showed marked arthritic changes in the plaintiff's neck and straightening of the mid-cervical lordotic curve, a symptom usually associated with muscle spasm. His opinion that these symptoms were caused by the accident in question was based, in large part, on what the plaintiff had told him.

Dr. Martin Fischer, Clardy's physician prior to this accident, stated in answers to interrogatories that Mr. Clardy suffered from severe headaches and shoulder pains in 1972 and that x-rays of his cervical spine showed degenerative disc disease which might cause pain on shoulder movement. Dr. Fischer also stated that the severity of appellant's complaints may be due to emotional factors.

■ It is clear that the appellant did not conclusively prove that he suffered a compensable injury. The testimony of an interested witness does nothing more than raise fact issues unless it is clear, direct and positive, and is free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon. *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904 (1942). Mr. Clardy's testimony did not fall within that exception. We also hold that the jury was not required to accept Dr. Kornblit's conclusion as to the causal connection between the accident and the condition he found in the plaintiff's x-rays taken 17 months later. Opinion testimony, even though not contradicted by an opposing expert, must be deemed true only

under highly exceptional circumstances. *Luttes v. State*, 159 Tex. 500, 324 S.W.2d 167, 189 (1958). Here the doctor's opinion was based, in large part, on what the plaintiff had told him.

■ Appellant's first two points of error purport to contest the factual sufficiency of the evidence to support the jury finding, but they fail to do so. They are:

ONE

THE TRIAL COURT ERRED IN RENDERING JUDGMENT FOR APPELLEE ON THE JURY FINDING THAT APPELLANT RECEIVED NO COMPENSABLE DAMAGE, AS SUCH FINDING IS AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE.

TWO

THE TRIAL COURT ERRED IN RENDERING JUDGMENT FOR APPELLEE ON THE JURY FINDING THAT APPELLANT RECEIVED NO COMPENSABLE DAMAGE, AS THE EVIDENCE IS FACTUALLY INSUFFICIENT TO SUPPORT SUCH FINDING.

Points of error asserting that the court erred in rendering judgment on a verdict because of the state of the evidence raise only a no evidence point. *Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.*, 462 S.W.2d 276 (Tex.1970). We have already ruled on the appellant's third point of error, his no evidence point. A review of all the evidence has also convinced us that the jury's answer was not contrary to the great weight of the evidence.

Affirmed.