JAMES R. COCHRAN V. WOOL GROWERS CENTRAL STORAGE COMPANY.

Motion Number 15617. Cause No. 7908. Decided November 4, 1942.
Rehearing overruled January 6, 1942.
(166 S. W., 2d Series, 904.)

*Hughes, Hardeman & Wilson,* of San Angelo, for petitioners.

Testimony showing that wool was sold contrary to plaintiff in error's (petitioners) instructions and in utter disregard of his rights was insufficient to support jury's finding that sale was willful as that term was defined in the charge. Early-Foster v. Mid-Tex Oil Mills, 208 S. W. 224; Corrigan v. Shell Petroleum Co., 62 S. W. (2d) 663.

Testimony by plaintiff as to the value of the wool between the dates of conversion and filing the suit being uncontradicted and of such a nature, and given under such circumstances, that it might be readily discredited, if false, was conclusive and no issue as to value should have been submitted to the jury. Farmers Mill & Elev. Co. v. Hodges, 248 S. W. 72; Luling Oil & Gas Co. v. Edwards, 32 S. W. (2d) 921; Great So. Life Ins. Co. v. Dorough, 100 S. W. (2d) 772.

*Collins, Jackson, Snodgrass & Blanks,* of San Angelo, for respondent.

As this case could have been tried in the county court, and as the conflict, alleged as a ground for jurisdiction, does not exist, the Supreme Court is without jurisdiction. Dockum v. Mercury Ins. Co., 135 S. W. (2d) 700; Wilson Hdw. Co. v. Duff, 98 Texas 467, 85 S. W. 786; Missouri, K. & T. Ry. Co. v. Gregory, 109 Texas 213, 226 S. W. 1075.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a case that could have been tried in the county court. At a former day we dismissed this writ of error for want of jurisdiction, on account of the fact that the application for the writ filed by James R. Cochran was insufficient to show a conflict of decision. Later Cochran filed a motion for rehearing and for permission to file an amended application for writ of error. Both these motions were overruled. Later we set aside our orders overruling the motions just mentioned. This cause is therefore now before us on motion for rehearing, and for

permission to amend the application for writ of error. We will first consider the motion to amend. Such motion is accompanied by the tendered amended application. This is the proper practice.

An examination of this record will disclose that the original application for writ of error was filed in the Court of Civil Appeals on the 28th day of August, 1941, before the effective date of the present Texas Rule of Civil Procedure. The opinion and judgment of this Court dismissing the writ of error for want of jurisdiction was entered on May 20, 1942. The motion for rehearing and for permission to amend the application for writ of error was filed in this Court on June 4, 1942. The motion for rehearing was therefore filed within the fifteen-day period defined by Rule 515, Texas Rules of Civil Procedure. The motion to amend was filed after the effective date of such rules.

At this point we deem it expedient to discuss and consider Rules 481, 504, and 814, Texas Rules of Civil Procedure, as applied to this record.

■ An examination of Rule 481, supra, will disclose that it provides: "The application, * * * may be amended at any time when justice requires and upon such reasonable terms as the Court may prescribe. * * *." Rule 504, supra, provides: "The Supreme Court will not * * * dismiss a writ of error for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities, * * *." Clearly these two rules authorize this Court to grant one who prosecutes a writ of error to this Court the right to amend his application, where it is defective either as to form or substance. Such being the case, an application which is defective, in that it fails to properly state grounds of jurisdiction under Secton 1 of Article 1821, R. C. S., or Subdivision (b) of Rule 469, can be amended in this Court at any time when, in the opinion of the Court, justice so requires. Furthermore, we think the right to amend may be granted even though the original application for writ of error was filed before the effective date of Rules 481 and 504, supra. This holding in no way violates Rule 814, supra, defining the effective date of our present Texas Rules of Civil Procedure. We will therefore order that the amended application for writ of error be filed, and will now consider this case on such amended application. We think the amended applica-

tion is sufficient to show jurisdiction in this Court on account of conflicts with the decisions we will later discuss.

The record before us shows: That the Storage Company, during all the time here involved, was a public warehouseman, doing business as such in San Angelo, Tom Green County, Texas; that as such warehouseman it had qualified to store wool on which Commodity Credit Corporation Loans could be made; that about July, 1939, Cochran, as owner, stored with the Storage Company the 2,885 pounds of wool here involved; that such wool was stored for the purpose of obtaining a Commodity Credit Corporation Loan thereon; that after this wool was stored with the Storage Company it was duly appraised for a Commodity Credit Corporation Loan, and an appraisal certificate duly issued by the proper authority; that such certificate showed a loan value of $492.46; that after the issuance of the appraisal certificate the Storage Company negotiated for Cochran a Commodity Credit Corporation Loan with the Central National Bank of San Angelo, in the sum of $492.46, the appraised loan value of such wool; that on August 16, 1939, Cochran executed and delivered to the bank his promissory note in the sum just named, due on or before ten months after date; that such note was secured by the warehouse receipts of the Storage Company representing this wool; that Cochran received the proceeds of such note; that on September 1, 1939, the Storage Company sold this wool for 22½¢ per pound, or for a total of $649.13; that such sum was the fair market value of this wool on the date of sale; that after selling such wool the Storage Company rendered Cochran an account of sale; that such account of sale showed the sale price of this wool; that such account of sale showed that the Storage Company had charged the $649.13 received for this wool with $16.23 commission and $495.48, the bank note above described and interest; that the Storage Company sent to Cochran its check for $137.42, representing the net amount coming to him, after deducting therefrom the charges above named; that on receiving the check and account of sale, Cochran at once went to the office of the Storage Company and protested the sale of his wool, and demanded that it be returned to him; that Cochran informed the Storage Company that he had not authorized the sale of his wool. and refused to accept the check sent him. Of course, the wool was sold, and could not be returned to Cochran.

The case was submitted to a jury on two special issues. In

answer to such issues the jury found: (a) That the Storage Company sold Cochran's wool without his authority; and (b) that the sale of such wool was wilfully made.

■ According to Cochran's evidence, he stored this wool with the Storage Company for the purpose of holding it for a higher price, and for the purpose of securing a loan thereon in the way and manner above detailed,—all of which was fully known by the officers and agents of the Storage Company. Also, according to Cochran's evidence, the jury was justified in concluding that the Storage Company sold this wool without his authority, against his will, and in disregard to his rights. According to the evidence offered by the Storage Company, it acted in good faith, and had full authority, orally given by Cochran, to sell this wool, at the time, under the circumstances, and for the price received. From the verdict of the jury we must conclude that the Storage Company sold this wool without Cochran's consent, and that its act in doing so was wilful,— that is to say, was a wilful wrong.

■ Under the above record, the opinion of the Court of Civil Appeals holds that there is no evidence in this record to support the finding of the jury that the sale of Cochran's wool by Storage Company was wilfully made. In our opinion such holding is in conflict with the opinion of the same court in Early Foster Co. v. Mid-Tex. Oil Mill, 208 S. W. 224 (writ refused), and authorities there cited. We are in accord with the opinion in the Early Foster case. DeShazo v. Wool Growers Central Storage Co., 139 Texas 143, 162 S. W. (2d) 401. As held by us in the DeShazo case, supra, it is the law that where the conversion of property "is attended with fraud, wilful wrong, or gross negligence, and the property converted is of changing or fluctuating value, the measure of damages is the highest market value of such property between the date of conversion and the filing of the suit." We think the evidence above recited is in law amply sufficient to support both jury findings above indicated.

■ It appears from this record that no issue of market value, or measure of damages of any kind, was submitted to the jury. Neither party excepted to the charge for this omission, and neither party requested the submission of such issue. After the verdict of the jury was returned, the trial court entered a judgment for Cochran in the sum of $922.05, but credited same with the amount of Cochran's note to the bank, in the

sum of $493.28, leaving a net judgment for Cochran in the sum of $428.77. Cochran testified that he was familiar with the market value of wool of the same classification as this wool during the time between September 1, 1939, the date this wool was sold, and December 5, 1939, the date this suit was filed, and that the highest market value such wool obtained during such time was 32¢ per pound in San Angelo. The Court of Civil Appeals holds that there is evidence in the record tending to show that the highest market value of this wool was only 29¢. We have read the entire statement of facts, and are unable to find therein any such evidence. The witness McKnight testified, in effect, that this wool would have brought a little less than 29¢ all through the summer of 1939; but his testimony as to market value does not cover the time up to the date this suit was filed, December 5, 1939.

From the record we have stated it is obvious that the trial court measured Cochran's damages at a market value of 32¢ a pound. As we interpret its opinion, the Court of Civil Appeals holds that this was error for two reasons: (a) Because the evidence was conflicting on the issue of highest market value; and (b) because, if it be admitted that the evidence was not conflicting, no judgment could be entered on the testimony of Cochran alone, absent a jury finding, he being the plaintiff, and therefore an interested witness, whose testimony could not be taken as true, as a matter of law. We are of the opinion that the Court of Civil Appeals was in error in holding that this record shows a conflict in the evidence regarding market value. We have already indicated the ground on which we base our opinion in this regard.

■ We think that the Court of Civil Appeals was in error in holding that the judgment of the trial court was erroneous because of the lack of a jury finding on highest market value. In this case Cochran sued the Storage Company for damages for converting his wool. Cochran's cause of action was based on one ground, conversion. Two of the elements of this cause of action were submitted to the jury. The third element, market value, was not submitted nor requested to be submitted. No exception was filed to the failure to submit this issue. Under such a record the trial court had the right to make a finding as to market value; and this he undoubtedly did. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Texas 360, 135 S. W. (2d) 79. The opinion of the Court of Civil Appeals is in conflict with the case just cited.

■ We think that there was no error in this judgment regarding highest market value for another reason: The plaintiff qualified as a witness regarding market value, and then testified as a witness regarding market value, and then testified positively that the highest market value of wool of this kind in San Angelo, between the date of this sale and the date this suit was filed, was 32¢ per pound. The Storage Company was engaged in the business of storing and selling wool, and could have easily controverted this testimony it it was untrue or inaccurate. It should, therefore, be taken as true, as a matter of law. It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct, and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. Springfield Fire & Marine Ins. Co. v. Cameron, 96 S. W. (2d) 788, and numerous authorities there cited. The opinion of the Court of Civil Appeals is in conflict with the opinion and decision in the case just cited. The opinion in the case just cited correctly states the law.

■ We now come to consider the character of judgment which we should enter in this case. Before doing so we deem it expedient to state the rules of law which we think must govern our decision. These rules are:

(1). The Supreme Court is a court of law only, and not of fact. It therefore has no jurisdiction to pass on the sufficiency of evidence. Schelb v. Sparenberg, 133 Texas 17, 124 S. W. (2d) 322; Sanborn v. Murphy, 86 Texas 437, 25 S. W. 610 Leary v. People's Building Loan & Savings Assn., 93 Texas 1, 51 S. W. 836; International-Great Northern R. Co. v. Hawthorne, 131 Texas 622, 116 S. W. (2d) 1056. We here cite the numerous authorities cited in West Publishing Company's Texas Digest under "Appeal in Error," Vol. 4, Key No. 1094.

(2). The Court of Civil Appeals is the court of last resort on the sufficiency of evidence. It follows that in an appeal from the Court of Civil Appeals to the Supreme Court, the Supreme Court will not consider an assignment raising the issue of the sufficiency of evidence or of its weight or preponderance. See Authorities last above cited.

■ (3). Where the Court of Civil Appeals erroneously holds that there is no evidence to support a fact finding of· the trial court, and, as a consequence of such holding, reverses and remands, instead of reversing and rendering, and the record contains an assignment of insufficiency, the Supreme Court will presume that the holding of no evidence includes a further holding of insufficiency of evidence, or of a finding against the weight and preponderance of the evidence. Tweed v. Western Union Telegraph Co., 107 Texas 247, 166 S. W. 696; Lilenthal v. Motor Car Indemnity Exchange (Com. Appls.), 239 S. W. 906; Rogers & Adams v. Lancaster (Com. Appls.), 248 S. W. 660; Maddox Motor Co. v. Ford Motor Co. (Com. Appls.), 23 S. W. (2d) 333.

The opinion of the Court of Civil Appeals in this case holds, in effect, that there is no evidence in this record to show that the act of the Storage Company in selling this wool was willful,—that is to say, was the commission of a willful wrong. The Court of Civil Appeals, however, did not reverse and render on the above holding, but, instead, reversed and remanded. The record shows an assignment by the Storage Company touching this question under such a record we are without power to disturb the judgment of the Court of Civil Appeals, but must assume that since the Court of Civil Appeals held there was no evidence it would have held that the evidence was insufficient. Furthermore, we think that the opinion of the Court of Civil Appeals on the question under discussion in effect directly holds that the evidence is insufficient to support the verdict of the jury, convicting the Storage Company of a wilful wrong. Counsel for Cochran recognize this fact, because the application for the writ of error contains the following assignment:

"8. The court erred in holding that there was insufficient evidence to support the jury's finding that the conversion of the plaintiff in error's wool was wilful."

Under the holding of no evidence in the opinion of the Court of Civil Appeals, the district court on another trial would be compelled to give a peremptory charge for the Storage Company. Cochran has obtained relief from such holding in this Court. It follows that the Storage Company should pay the costs of prosecuting this writ of error.

Our original opinion, dismissing this cause, is withdrawn, and will not be published. The motion for rehearing and for

permission to file amended application for writ of error is granted. The judgment of the Court of Civil Apeals, reversing the judgment of the trial court and remanding this cause for a new trial, is affirmed. It is ordered, however, that on another trial the district court shall be governed by this opinion. The Storage Company will pay the costs of prosecuting writ of error to this Court. Cochran will pay the costs of appeal to the Court of Civil Appeals.

Opinion delivered November 4, 1942.

Rehearing overruled January 6, 1943.