**Paul C. HOLMES, Appellant,**

v.

**Otis N. CAMPSEY et ux., Appellees.**

**No. 16826.**

Court of Civil Appeals of Texas.

Fort Worth.

May 5, 1967.

of the light to the green and "Go" signal, was struck from the rear by a vehicle driven by the defendant in the same direction as that traveled by the plaintiffs' vehicle until it was stopped at the traffic signal.

Upon hearing, the only testimony concerning the manner in which the collision occurred came from the lips of plaintiff's wife. The defendant did not testify. On cross-examination she related the fact that approximately two hours after the collision the defendant appeared at her hospital room. He held a conversation with her. We quote from her testimony:

"Q. Well, I am not asking you for the exact words, but did Mr. Holmes tell you anything about how the accident took place?

"A. He did.

"Q. And was there anything said by either you or Mr. Holmes about the accident resulting from a failure of brakes?

"A. There was.

"Q. Now, who said that?

"A. Mr. Holmes.

"Q. All right. Now, what did Mr. Holmes say. Now, give us the substance, if not the exact words?

"A. That his brakes had failed him and he could not stop."

The position of the defendant, in view of the fact that plaintiff's wife so testified on cross-examination, is stated as follows:

"This Defendant-Appellant is familiar with that line of cases originating with this Court's decision of Renshaw v. Countess, 289 S.W.2d 621 (Fort Worth Civ.App., 1956, no writ hist.), to the effect that both negligence and proximate cause may be inferred from the circumstances presented from the evidence. This Defendant has no dispute with that line of decisions.

Kelly, Morris, Walker & Maynard, and Jearl Walker, Fort Worth, for appellant.

Byrom, Wright, Butcher & Prager, and Robert L. Wright, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Venue case. Plea of privilege of defendant Paul C. Holmes was overruled. He appealed. The nature of the cause of action of plaintiffs Otis. N. Campsey and his wife was for personal injury damages growing out of an automobile collision in Tarrant County. Plaintiff's wife had stopped her automobile at a street intersection in obedience to a traffic signal-control light, and afterward, while awaiting the change

"However, Defendant feels there is sufficient difference in the facts as to distinguish the instant case from that of Renshaw v. Countess.

"If there had been no evidence in the instant case except that the Plaintiff stopped and Defendant's automobile ran into the rear end of the Plaintiffs' automobile, this case would fall squarely under the decision of Renshaw v. Countess, in that the circumstances, in the absence of an explanation, would warrant an inference of negligence and proximate cause. On the other hand, if there is evidence of such a nature as to explain the cause of the accident and establish, in the absence of any evidence to the contrary, that the accident was not the proximate result of any negligence but of brake failure, then the 'inference', being of the nature of a presumption, of Renshaw v. Countess vanishes, and the judgment must be founded solely upon the single evidence of fact before the trial court, to wit, brake failure. To hold otherwise, would be resorting to inference and presumption rather than evidence. 23 Tex.Jur.2d, Evidence § 65 et seq., p. 101; Gilbert v. Haigler (1962), 363 S.W.2d 337, syllabus 5, Writ Refused, n. r. e.; Rankin v. Nash-Texas Company, 129 Tex. 396, 105 S.W.2d 195."

■ We are of the opinion, and hold, that the defendant is confusing the effect of the testimony of the plaintiff. True it is that the wife of the plaintiff testified that the defendant stated to her that "his brakes failed and he could not stop". But such testimony amounts to mere evidence that the defendant made such a statement to her—and even if it were admissible would not have probative force and effect to establish that the actual cause of defendant's failure to stop was failure of his brakes.

■ The testimony was objectionable on the ground that it was "hearsay" and indirectly self-serving as introduced by the defendant in behalf of his defense. It was objected to. However, under the circumstances it did not amount to evidence in any event, being incompetent and without probative force. No reason appears in the record to depart from general rules concerning inadmissibility of "hearsay" and self-serving statements.

Though we recognize the resourcefulness of defendant's counsel in seeking to take advantage of the fact that his client appeared before plaintiff's wife some time after the collision and stated that "his brakes failed and he could not stop", we think it would be unrealistic to credit defendant with having thereby obtained any advantage upon the hearing of the plea of privilege when he did not personally appear and testify in substantiation of his defensive theory under circumstances affording his adversary an opportunity for cross-examination.

Reference is made to the text of 24 Tex.Jur.2d, p. 51 et seq., "Evidence", upon "Hearsay", § 557 et seq., and at p. 160 upon "Self-Serving Declarations", § 611, "In general; Admissibility—Civil cases."

Judgment is affirmed.

RENFRO, J., concurs.

RENFRO, Justice (concurring).

I concur in the result. I do not agree that the statements made by defendant to the plaintiff were inadmissible. Though admissible the court was not bound to accept the statement made to plaintiff and testified to by plaintiff, as true. It was not a statement plaintiff could readily have discredited or contradicted; hence the court was not bound to accept it as true.

The general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the trier of fact applies, rather than the exception recognized by the Supreme Court in Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904.