**COMBINED UNDERWRITERS LIFE INSURANCE COMPANY, Appellant,**

v.

**Roscoe Thomas WELLS, Appellee.**

**No. 17055.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 24, 1969.

Rehearing Denied Nov. 21, 1969.

Will D. Pace, Tyler, for appellant.

Tom P. Briggs, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

The appeal is by the defendant insurance company from a default judgment granted the plaintiff. There had been answer and

appearance by the defendant, but it was not present at any time during the conduct of the trial. On January 16, 1969, the case was called for jury trial, evidence submitted and answers returned by the jury upon a verdict on special issues, with judgment entered and filed.

On the hearing on the motion for new trial a full and complete record was made. Testimony of him who at one time had been the defendant's local counsel, subject to opportunity for cross-examination, was presented concerning the reason the defendant insurance company had not been present by agent, or represented by attorney at time of the trial on the merits.

■ Though we should perhaps consider the attorney to be an interested witness, nevertheless his testimony is clear, direct and positive and not contradicted or rebutted by any other witness or attendant circumstances tending to cast suspicion thereon in a situation where the means were readily available so to do if untrue. Ample notice of what his testimony would be had been given plaintiff. Therefore such testimony is taken as true as a matter of law under the rule in Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1942).

As a result the situation presented to us is as follows: In its absence and without its consent defendant was put to trial on Thursday, January 16, 1969, following an agreement between itself, the plaintiff, and the trial judge on the preceding Friday, January 10, 1969, that trial was postponed to January 27, 1969. Trial was held less than twenty-four hours after receipt by defendant's regular counsel of notice that such would occur, which notice was after the time the attorney associated as local counsel had begun trial of another case.

■ Judgment must be reversed. There was an absence of due process. See 12 Tex. Jur.2d, p. 445, "Constitutional Law", Sec. 98, "Notice and hearing as essential"; 16A C.J.S. "Constitutional Law" p. 536, et seq., Ch. XII, "Due Process of Law", all sections and particularly 567, 569(4), and 622; In re Armstrong's Adoption, 394 S.W. 2d 552 (El Paso Tex.Civ.App., 1965, no writ hist.); Masonic Grand Chap. of Order of East. Star v. Sweatt, 329 S.W.2d 334 (Fort Worth Tex. Civ. App., 1959, writ ref., n. r. e.); Texas Rules of Civil Procedure, rule 330, *"Rules of Practice and Procedure in Certain District Courts— (b) Setting Cases for Trial, etc.—(c) Postponement or Continuance"*.

Furthermore, we believe the case to be one wherein we are in any event bound to respect the direction and mandate expressed in T.R.C.P. 1, "Objective of Rules", discussed in the appendant commentary and opinions of the Subcommittee on Interpretation of Rules. See also Great Liberty Life Insurance Company v. Flint, 336 S.W. 2d 434 (Fort Worth Tex.Civ.App., 1960, no writ hist.).

Reversed and remanded.