**ALLRIGHT, INC., Appellant,**

v.

**R. E. McGEE et ux., Appellees.**

No. 16253.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 7, 1974.

Rehearing Denied March 7, 1974.

Tipton & Bishop, George M. Bishop, Houston, for appellant.

Robert F. Hyatt III, Houston, for appellees.

COLEMAN, Chief Justice.

This is a bailment case. The plaintiff sued for the damage to his automobile resulting from a collision occurring after it was stolen from the defendant's parking lot. After a trial to a jury the judgment for plaintiff was entered on the jury verdict. The principal question relates to the sufficiency of the evidence to support the jury's answers to the special issues on negligence and proximate cause.

Appellant is a commercial parking company, operating parking facilities at Louisiana and Bell Streets in Houston, Harris County, Texas. The plaintiffs' son, Allen McGee, testified that he parked his father's car, a Shelby Ford, at the parking lot at Louisiana and Bell on the morning of July 7, 1969. When he returned for the car, it was missing. When he told the attendant that his car was not on the lot, the attendant said: "Yeah, I know." When he asked where the car was, the attendant said: "I don't know, somebody has driven it off."

Allen McGee also testified that he had parked at the lot previously. It would hold about 250 automobiles, and was about ⅓ of a block long. It was fenced only on the north side. While there was only one entrance to the lot, a car could be driven over the curb on three sides of the lot. Traffic was heavy and the entrance to the lot was busy when he left the car. There was only one attendant. He was not given a parking ticket, and was required to leave the keys in his car. On the previous occasions he had parked in this lot, he had always found his keys in his car when he returned. He had never been required to furnish any identification or to check out with the attendant before driving off of the lot.

The case was submitted on four special issues. The first asked whether "Allright, Inc., its agents, servants or employees failed to keep such lookout for the custody of Plaintiff's car as would have been kept by a person using ordinary care." Then followed issues on proximate cause and reasonable market value before and after the occurrence in question.

■ Special Issue No. One is awkwardly worded. We construe it to be a general submission on the question of proper care. The inquiry as to "look out for the custody" was intended to determine "proper protection" for the safety of the car. If the inquiry had been designed to ascertain merely whether the attendant properly kept the car in sight, the issue could have been worded in simple language. The words "for the custody" imply protection and would suggest exploring the evidence concerning the precautions taken to insure the safe keeping of the vehicle. Our conclusion as to the meaning to be given this issue is reinforced by the fact the identical issue was quoted in the opinion of this court in H. O. Dyer, Inc. v. Steele, 489 S. W.2d 686 (Tex.Civ.App.—Houston [1st Dist.] 1972). This issue was given as a submission of the negligent conduct alleged by the plaintiff in a trial amendment reading: ". . . . were proximately caused by negligence on the part of the Defendant . . . in not providing proper protection for plaintiff's car. . . ." While we did not approve the wording of the issue in that case, and do not approve it in this case, the conclusion might be reached that the wording was proper for a general submission of negligence in similar fact situations. Under our construction of the issue in question, the evidence previously detailed is clearly suffi-

cient to warrant its submission and to support the jury's answer thereto.

Even if the issue be construed more narrowly as asking whether the defendant kept a proper watch over the vehicle while in its custody, there is sufficient evidence to support the answer made. There is evidence that the one attendant remembered the car and the driver who placed it in his custody, and that he permitted it to be driven off by someone else. There was no evidence that he attempted to stop the removal of the car or that he reported it as being missing. There is no testimony that he saw the car as it was driven from the premises. If he knew the car and the driver, he might be expected to take some action if in fact he saw the car removed from the lot by a person he did not know.

There was also evidence that the lot in question was large and busy. It had no fences which would insure that cars exit by the one entrance provided. The jury might have reasonably believed that the operator of such a lot could not properly keep a watch over the vehicles parked on such a lot with one attendant only. It was stipulated that the car was stolen. Thus the jury might find that Allright, Inc. was negligent in the watch it kept over the cars despite the fact that the one attendant did the best job he was able to do under the existing conditions. One attendant might not be able to watch all of the cars all of the time. Evidence sufficient to support a finding that the corporation was negligent in failing to employ a sufficient number of attendants would also support a finding that the corporation was negligent in failing to keep a proper lookout for the custody of the car.

■ Appellant complains that Special Issue Number One was multifarious and contained a comment on the weight of the evidence. The argument is that an affirmative answer to the issue required a finding that apellant had "custody" of the car and that appellant failed to keep a proper lookout. The only witness questioned on facts bearing on this issue was Allen McGee, the plaintiff's son. He was an interested witness. In addition to the general denial, appellant specially plead that there were three parking lots at or near to the intersection of Louisiana and Bell Streets in Houston, Texas on or about July 7,1969, and that they were operated by different and independent companies. Appellant further alleged that it had no record that the car was parked on its lot. Mr. McGee identified the lot as being at the corner of Louisiana and Bell separated by a chain link fence from a Hertz Rent-A-Car parking lot. He testified that Louisiana was a one way street and that he turned left off of that street onto the parking lot. He also testified that there was an Allright, Inc. sign on the lot and that the attendant wore a green and white uniform bearing the words "Allright, Inc." His testimony varied to some extent in his description of the sign, and in his estimate of the number of cars the lot would hold, from previous testimony. He testified that he passed the lot every day and had refreshed his memory about the sign and that his estimate of the number of cars that lot would hold was at best an educated guess. He was uncertain about details in describing the attendant, but remembered that he was a young black male. His testimony that he did park his car at that particular lot on the day in question was clear, direct and positive. His testimony was not self contradictory, and was not impeached. There are no circumstances tending to cast suspicions thereon. His testimony as to ownership of the lot at which he contended he parked could easily have been contradicted. The testimony that he parked on that particular lot could have been contradicted directly only by the attendant on duty. There is nothing in the record to show that this attendant was not known to appellant or was unavailable as a witness.

The fact of custody was established as a matter of law. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S. W.2d 904 (1942). The assumption of an uncontroverted fact in submitting an issue

is not error. Socony-Vacuum Oil Co. v. Aderhold, 150 Tex. 292, 240 S.W.2d 751 (1951).

The points of error not briefed by the appellant are considered waived. The points concerning Special Issue Number Two require no further discussion, and are overruled.

Affirmed.