Opinion issued January 8, 2009













            






In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00933-CV
 

 
 
CAROLINE OGU AND OAKEY UGBOAJA, Appellants

V.

C.I.A. SERVICES INC. AND BRIDLEWOOD ESTATES PROPERTY
OWNERS’ ASSOCIATION, Appellees




On Appeal from County Civil Court of Law Number Four
Harris County, Texas
Trial Court Cause No. 795884-101


 
 

MEMORANDUM OPINION
          
          Appellants, Caroline Ogu and Oakey Ugboaja (“Property Owners” ) appeal the
trial court’s declaratory judgment and award of attorneys’ fees in favor of Appellees
C.I.A. Services Inc. and Bridlewood Estates Property Owners’ Association (“C.I.A.
and Bridlewood”). We hold that the trial court erred in denying the Property Owners’
right to a jury trial on C.I.A. and Bridlewood’s attorneys’ fees claim. Accordingly,
we reverse the trial court’s judgment and remand this cause. Background
          This case arises from a dispute over the mowing of grass on property located
in the Bridlewood Estates subdivision in Harris County, Texas. As a result of the
Property Owners’ alleged failure to mow their grass at regular intervals and keep their
property “neat and attractive,” C.I.A. and Bridlewood paid a lawn service to “force
mow” the Property Owners’ grass. C.I.A. and Bridlewood then sought
reimbursement of this payment from the Property Owners. 
          In response, the Property Owners brought an action against C.I.A. and
Bridlewood for “unlawful billings and trespassing” on their property, to stop the
“illegal mowing” of their property and for the “refund [of] all of the money [ C.I.A.
and Bridlewood] have estorted (sic)” from the Property Owners. The Property
Owners requested a jury trial and paid the requisite jury fee. C.I.A. and Bridlewood
filed an answer and brought a counterclaim against the Property Owners under the
Texas Declaratory Judgment Act seeking the following declarations:
i. that the Plaintiffs’ properties subject of this suit do not contain or
consist of “natural vegetation” areas as that term is contemplated in and
referenced by the applicable deed restrictions;
 
ii. that Plaintiffs are required to maintain their properties in neat and
attractive conditions by, including, but not limited to, mowing the grass
thereon at regular intervals throughout each year to ensure the said
properties are in compliance with the applicable deed restrictions;
 
iii. that Plaintiffs failed and refused to comply with the applicable deed
restrictions and violated same by continuously failing and refusing to
maintain their properties in neat and attractive conditions by mowing
same at regular intervals; and
 
iv. that as a result of the foregoing, Defendants were entitled to “force
mow” Plaintiffs’ properties and seek reimbursement for the charges it
incurred in connection with same, together with its related expenses and
attorneys’ fees.

C.I.A. and Bridlewood also sought an award of their attorneys’ fees for bringing the
counterclaim.


 
          C.I.A. and Bridlewood filed a no-evidence motion for summary judgment as
to the Property Owners’ claims. On March 25, 2005, the trial court granted the
motion and entered a take-nothing judgment in favor of C.I.A. and Bridlewood on the
Property Owners’ claims. On May 25, 2005, when the trial court severed the Property
Owners’ claims from C.I.A. and Bridlewood’s counterclaim and the counterclaim was
assigned a new cause number, the judgment became final. The Property Owners did
not file a notice of appeal of the take-nothing judgment regarding their claims. 
              A jury trial on the declaratory judgment counterclaim was set for September
25, 2007. The Property Owners appeared at trial pro se and counsel appeared on
behalf of C.I.A. and Bridlewood. Before the prospective jury panel was brought into
the courtroom for voir dire, C.I.A. and Bridlewood moved for a directed verdict on
its counterclaim. C.I.A. and Bridlewood asserted that there were no fact issues in
dispute on the requested declarations for a jury to decide.


 They also argued that,
since the Property Owners had not designated an expert on the issue of attorneys’
fees, the trial court, and not a jury, should hear the testimony regarding the amount
of its attorneys’ fees to be awarded. The Property Owners objected to the trial court
receiving any testimony regarding attorneys’ fees without at a jury present. 
          Nevertheless, the trial court proceeded to hear testimony from C.I.A. and
Bridlewood’s attorney about reasonable and necessary attorneys’ fees without a jury
present as fact finder. At the conclusion of this testimony, the trial court found that
each of the requested declarations was “established by way of the requests for
admission” sent to the Property Owners. The trial court entered judgment in favor of
C.I.A. and Bridlewood and awarded them $18,000.00 in attorneys’ fees. 
          The Property Owners filed a notice of appeal of this judgment arguing that the
trial court made the following errors in entering this judgment: 
(1) The judge Roberta Lloyd deprived us the setting of jury trial which
we paid for and requested for over a period of 3 years.;
 
(2) Every time we made appearance in Docked [sic] neither Caroline
Ogu nor Oakey Ugboaja was not [sic] allowed to say anything or present
anything evidence ... ;
 
(3) Our lawyer Mr. Victor Iheziekwu was very incompetent, and he was
asked to withdraw from the case, a motion of withdrawal was sent to the
court on October 15, 2004, schedule hearing on October 18, 2004.;
 
(4) This motion was passed... My incompetent attorney (Mr. Victor
Iheziekwu) was not released from my case which jeopardized my case.;
 
(5) The Harris county court did not schedule a trial for this case after
September 27, 2004 motion to strike was granted. No court date for six
months. No motion granted/signed by the judge. ;
 
(6) My case as the Plaintiff (795884-001) was close on the motion of
take-nothing judgment (March 24, 2005) because my attorney did not
submit a response of summary judgment, stated by Roberta Lloyd.;
 
(7) This same case was severance [sic] from the original cause of
action, in March 30, 2005 with no evidence, no hearing on our parties,
five days after the motion of take-nothing was granted.”; 
 
(8) Two motions were signed by Judge Roberta Lloyd in 2005, for
C.I.A. services and Hoover Slovacek LLP, while my motion was sitting
on the file since October 15, 2004.
 
(9) “The visiting Judge Honorable Ed Landry that would have presided
over this case on September 27, 2004, [sic] but [C.I.A. and Bridlewood]
requested a motion to strike”
 
(10) The Plaintiff (C.I.A. Services et al) has not justify the claim that
they expended 84 hours on this case.” 

We examine these points of error below.

                    Jurisdiction Over the Appeal of the Take-Nothing Judgment

          We begin by noting that, contrary to the Property Owners’ arguments, we do
not have jurisdiction to consider any of the above points of error that pertain to the
entry of the take-nothing judgment on the Property Owners’ claims. On May 25,
2005, the take-nothing judgment became final when it was severed from the cause
that is the subject of this appeal. See City of Beaumont v. Guillory, 751 S.W.2d 491,
492 (Tex. 1988) (holding that an interlocutory judgment can be converted into a final
judgment by severance). Because the Property Owners did not file a timely notice of
appeal, we lack jurisdiction to consider any arguments regarding the take-nothing
judgment. Tex. R. App. P. 26.1 (Vernon 2003).

          Appeal of the Declaratory Judgment and Award of Attorneys’ fees

          Only the following three points of error relate to the entry of the declaratory
judgment and the award of attorneys’ fees that are the subject of this appeal:

“The judge Roberta Lloyd deprived us the setting of jury trial which we
paid for and requested for over a period of 3 years. 

 
“The visiting Judge Honorable Ed Landry that would have presided over
this case on September 27, 2004 [sic], but [C.I.A. and Bridlewood]
requested a motion to strike.”

 
“The Plaintiff (C.I.A. Services et al) has not justify the claim that they
expended 84 hours on this case. 



We consider each of these points of error in turn. 



          Right to a Jury Trial



           First, the Property Owners argue that the trial court erred in denying them a
jury trial on C.I.A. and Bridlewood’s counterclaim. “The right to a jury trial is one
of our most precious rights, holding a sacred place in English and American history.”
General Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997). Under article one,
section 15 of the Texas Constitution, “[t]he right to trial by jury shall remain
inviolate” and we closely scrutinize any denial of this important right to a litigant. 
See Tex Const. art. I, § 15; City of Garland, 969 S.W.2d 548, 558 (Tex.
App.—Dallas 1988), aff’d, 22 S.W. 3d 351 (Tex. 2000). The denial of the
constitutional right to a jury trial constitutes reversible error. McDaniel v.
Yarborough, 898 S.W.2d 251, 253 (Tex. 1995).
            In this case, the trial court heard evidence of attorneys’ fees without a jury
present as fact finder and entered judgment on its own finding as to the amount of
reasonable and necessary fees in this case. To determine whether the trial court erred
by denying the Property Owners their right to a jury trial on the issue of attorneys’
fees, we must first determine whether the statute authorizing the trial court to award
of attorneys’ fees permits a jury trial on the issue.
           Here, the statute authorizing attorneys’ fees is the Declaratory Judgment Act
which provides in pertinent part that: “In any proceeding under this chapter, the court
may award costs and reasonable and necessary attorneys’ fees as are equitable and
just.” Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008). On the face of
this provision, it would appear that the trial court, not the jury, determines the amount
of attorneys’ fees in declaratory judgment actions. However, the Texas Supreme
Court has held that, while this statute vests the trial court with the discretion to
determine whether to award attorneys’ fees, the amount of the attorneys’ fees is a
question of fact for the jury to decide. City of Garland, 22 S.W3d at 367–68. 
Accordingly, we hold that the Property Owners had a right to a jury trial on the issue
of the amount of reasonable and necessary attorneys’ fees to be awarded. 
          Next we determine whether the trial court impermissibly deprived the Property
Owners of this right. Contrary to the arguments of C.I.A. and Bridlewood, the
Property Owners’ failure to designate an expert witness on attorneys’ fees to
contradict Mr. Bone’s testimony did not deprive the Property Owners of their right
to have the amount of attorneys’ fees decided by the jury as fact finder. Mr. Bone is
an interested witness on the issue of the amount of attorneys’ fees to be awarded to
his clients and, as Texas courts have long held, “[i]t is the general rule that the
testimony of an interested witness, . . . , though not contradicted, does no more than
raise a fact issue to be determined by the [fact-finder].” See Ragsdale v. Progressive
Voters League, 801 S.W.2d 880, 882 (Tex. 1990) (citing Cochran Wool Growers
Central Storage Co., 166 S.W.2d 904, 908 (Tex. 1942)). A jury, as fact finder, could
choose to believe all, some, or none of Mr. Bone’s testimony in deciding the amount
of attorneys’ fees to be awarded. 
           In this case, the record reflects that the Property Owners requested a jury trial,
paid the jury fee and, at the time of trial, a prospective jury panel was waiting outside
the courtroom. The record also reflects that before the trial court heard the evidence
on attorneys’ fees, the Property Owners disputed the veracity of the testimony to be
presented regarding the $18,000 allegedly incurred by counsel for C.I.A. and
Bridlewood, and that they continued to insist on their right to a jury to hear the
evidence about to be presented, to the point of being admonished by the bailiff to stop
interrupting the judge.      
Mr. Bone (Counsel for C.I.A. and Bridlewood): Your Honor, may I go 
                              to my briefcase, get my notes regarding attorney fees?
 
The Court:Yes.
 
Ms. Ogu:Your Honor, may I say something? 
 
The Court:Yes.
 
Ms. Ogu:Are we about to start the proceeding?
 
The Court:Yes.
 
Ms. Ogu:Without a jury?
 
The Court:He is going to testify as to his attorneys’ fees, Ms. Ogu.
 
Ms. Ogu:What about the jury?
 
The Court:You’re going to be given the opportunity to cross-examine
him.
 
Ms. Ogu:Without the Jury?
 
The Court:Without the Jury.
 
Ms. Ogu:I paid for a Jury fee. It doesn’t count?
 
The Court:No, it’s not that it doesn’t count. It’s just that the jury will
have nothing to consider based on the fact that you have
not designated an expert witness to offer any cross-
examination of this testimony.
 
 * * * * * * * * * * * *
 
Ms. Ogu:I don’t need an expert witness to contradict his - -
 
The Court:You’re going to be able to cross-examine to your heart’s
content.
 
Ms. Ogu:Yeah. But I want the jury to listen to his testimony,
whatever that he has to say. I already paid for the service. 
I’m not entitled to the granting of the service? I need an
adjustment. I paid for the service. So I want a jury to hear
why I owe him 18,000.00 because he’s going to say itemize
to me. How we got to 18,000.
 
The Court: You’re not going to be able to present any testimony.
 
Ms. Ogu: I’m going to cross-examine him?
 
The Court: Yes. You’re going to - - 
 
Ms. Ogu: But in front of the jury. That’s what the letter says.
 
The Bailiff: Ma’am I would like you to quit interrupting the Judge. Let
the Judge speak.
 
The Bailiff: Then after the Judge has spoken, if you want to speak after
the Judge, then you can do so. There’s a jury outside. 
They’re waiting. But you’re prolonging this proceeding by
interrupting the Judge.
 
Ms. Ogu: Okay. Sorry.
          Following this exchange, the trial court heard testimony on the issue of
attorneys’ fees without the jury present, against the express wishes of the Property
Owners. Under these facts, we hold that the Property Owners were entitled to a jury
trial on the issue of the amount of attorneys’ fees, the denial of this right constitutes
reversible error, and this case must be remanded for a jury trial as requested on this
issue. See McDaniel, 898 S.W.2d at 253. Since we are remanding this case for a new
trial on the issue of attorneys’ fees, we do not reach the other two remaining points
of error. 
 Conclusion
          We reverse the judgment of the trial court and remand this cause.
 

                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Jennings, Hanks, and Bland.