NUMBER
13-09-00365-CV

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                      

 

JORGE TREVINO, M.D. AND TREVINO,

ROMAN & ASSOCIATES, L.L.P.,                                     Appellants,

 

v.

 

BETTY CARRIZALES AND RUBEN GOMEZ, INDIVIDUALLY

AND AS NEXT FRIENDS OF M.C., A MINOR CHILD,         Appellees.

                                                                      

 

On appeal from the 332nd District Court 

of Hidalgo County, Texas.

                                                                  

 

MEMORANDUM OPINION

 

 Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 




By one issue, appellants, Jorge
Trevino, M.D. and Roman, Trevino, & Associates, L.L.P. (the “Partnership”),
contend that the trial court erred by awarding attorney’s fees and costs of
court in the amount of only $8,000.  We affirm.

I. Background

            This fifteen-year old case arises from a health
care liability lawsuit originally filed under the former medical malpractice
statute of Texas, section 4590i of Vernon’s Annotated Texas Civil Statutes.  See
Medical Liability and Insurance Improvement Act of Texas, Act of May 30, 1977,
65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2041, repealed by
Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws
847, 884, current version at Tex.
Civ. Prac. & Rem. Code Ann.
§§ 74.001-.507 (West 2010).  In August 1996, appellees Betty
Carrizales and Ruben Gomez filed suit individually and as next friends of M.C.,
a minor child, against Miguel Gonzalez, P.A. and Dr. Trevino.  In their
petition, appellees alleged that Gonzalez, a physician’s assistant employed by
Dr. Trevino, conducted an improper medical examination of Betty.  Appellees
later added the Partnership, Ernesto Roman, M.D., Valley Community Health
Center, and Paul Parkey, M.D. as defendants.[1] 


            On June 7, 2004, the trial court held a hearing
on Dr. Trevino and the Partnership’s Motion to Dismiss, Motion for Summary
Judgment, and Motion for Award of Reasonable Attorney’s Fees and Costs of
Court.  The trial court granted the motions to dismiss and for summary judgment
but denied the request for attorney’s fees and costs.  

            Dr. Trevino and the Partnership appealed the
denial of their Motion for Reasonable Attorney’s Fees and Costs to this Court.[2]
 See Trevino v. Carrizales, No. 13-05-0556-CV, 2006 Tex. App.
LEXIS 7236, at *1 (Tex. App.—Corpus Christi Aug. 17, 2006, no pet.) (mem.
op.).  In that appeal, we held that the trial court could not summarily deny
the motion for attorney’s fees and costs when, at the time, the request was
supported by uncontroverted evidence.  Id. at **1-2.  We remanded the
case to the trial court for further proceedings consistent with the opinion.  Id.
at *2.

On remand, the trial court held an
evidentiary hearing on Dr. Trevino and the Partnership’s request for attorney’s
fees and costs.  Katie Klein, counsel for Dr. Trevino and the Partnership,
testified regarding her fees.  Klein stated that she had been licensed to
practice law in Texas since 1978 and was board certified in family law and
civil trial law.  Her firm’s hourly billing rates in this case were $115 for
partners, $90 for associate attorneys, and $50 for paralegals or legal
assistants.  She testified that these rates had not been raised since she began
working on the case in 1996.  She further testified that the rates were well
below what would be considered reasonable for legal practitioners in Hidalgo County. 
Her expert opinion was that a reasonable fee for the work done on this case
through 2007 would be $53,019.56, $5,500 for an appeal to this Court, and
$5,500 for an appeal to the Texas Supreme Court.  

In support of this number, Klein’s
firm’s bill for this case was admitted into evidence without objection. 
According to Klein, the $53,019.00 fee was based on work actually done, the
complexity of the case, the multiple parties involved, the duration of time,
and the novelty of the issues presented.  She testified that her clients had
already paid $38,436.79 of this bill,[3]
and that $9,600 of the bill represented costs such as faxes, photocopies,
exhibits, and court costs.  

On cross-examination, Klein
admitted that this health care liability case was “not a death case” or a
“brain damage baby case.”  Instead, Klein acknowledged that the plaintiffs in
this case sought damages for “emotional injuries” arising from an alleged
physical assault on Betty by Gonzalez, the physician’s assistant.  Klein also agreed
that the trial court was the trier of fact “as to what is reasonable and what
is not” with respect to attorney’s fees and costs of court.

Attorney Keith Livesay testified on
behalf of appellees.  Livesay testified that he had practiced law in Texas for
more than twenty years and was board certified in civil appellate law.  He
admitted that he had not defended a medical malpractice lawsuit in at least ten
years.  Livesay stated that he reviewed Klein’s bill on this case and found it
“grossly, grossly excessive.”  His criticisms of the bill included:  (1)
insufficient documentation; (2) that paralegals frequently billed for clerical
work which should have been done by secretaries; (3) a “repeated practice of
writing memorandums to the file,” where the paralegal or secretary would bill
for writing a memorandum and the attorney would bill for reading the
memorandum; (4) unnecessary work; and (5) billing in quarter-of-an-hour
increments instead of tenth-hour increments.[4]
 He agreed that the $115 rate for a partner’s work was reasonable, and
that most attorneys would have raised their rates over the course of ten
years.  In Livesay’s opinion, a reasonable fee for the work on this case, based
on the record and available documentation, would be $8,200.  

            The trial court ultimately awarded Dr. Trevino
and the Partnership “attorney’s fees in the sum of $8,000.00 for services
rendered through the trial and first appeal of this case.”  This appeal
followed.

II. Standard of Review 

In general, we review a trial
court’s decision to grant or deny attorney’s fees under an abuse of discretion
standard, and we review the amount awarded as attorney’s fees under a legal
sufficiency standard.  Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex.
1998); see Allison v. Fire Ins. Exch., 98 S.W.3d 227, 262 (Tex.
App.—Austin 2002, pet. granted).  “It is an abuse of discretion for a trial
court to rule arbitrarily, unreasonably, or without regard to legal principles,
or to rule without supporting evidence.” Id. at 21 (internal
citations omitted).  

III.  Applicable Law

            The determination of reasonable attorney's fees
is a question for the trier of fact. See Gonzalez v. Nielson, 770 S.W.2d
99, 102 (Tex. App.––Corpus Christi 1989, writ denied).  Factors to be
considered in determining the amount of reasonable attorney's fees include: 
(1) the time and labor required, novelty and difficulty of the question
presented, and the skill required to properly perform the legal service; (2)
the likelihood that the acceptance of employment precluded other employment
by the lawyer; (3) the fee customarily charged in the locality for similar
services; (4) the amount involved and the results obtained; (5) the time
limitations imposed by the client or by the circumstances; (6) the nature and
length of the professional relationship with the client; (7) the experience,
reputation, and ability of the lawyer performing the services; and (8) whether
the fee is fixed or contingent.  See Arthur Andersen & Co. v. Perry
Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997).  While these factors may be
considered, the court is not required to receive evidence on all of them. The
court is also free to look at the entire record, the evidence presented on
reasonableness, the amount in controversy, the common knowledge of the participants
as lawyers and judges, and the relative success of the parties.  Chilton
Ins. Co. v. Pate & Pate Enters., Inc., 930 S.W.2d 877, 896 (Tex. App.
––San Antonio 1996, writ denied).

            “It is the general rule that the testimony of an
interested witness, such as a party to the suit, though not contradicted, does
no more than raise a fact issue to be determined by the jury.”  Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990).  The exception
to this rule is when another witness provides testimony that is clear, direct,
positive, and free from contradiction, inaccuracies, and circumstances.  See
Garcia v. Gomez, 319 S.W.3d 638, 642 (Tex. 2010); Ragsdale, 801
S.W.2d at 882 (citing Cochran v. Wool Growers Central Storage Co., 140
Tex. 184, 166 S.W.2d 904, 908 (1942)).

III. Analysis

            By their sole issue, appellants complain that
the trial court did not award them enough fees for their trial or appellate
work in the underlying case.  As stated earlier, the proper amount of
attorney’s fees to be awarded is within the trial court’s discretion.  See
Dail v. Couch, 99 S.W.3d 390, 391-92 (Tex. App.––Corpus Christi 2003, no
pet.).  Although Dr. Trevino and the Partnership set forth evidence in support
of their attorney’s fees, it was within the trial court’s sole discretion to
decide whether such fees were unreasonable, incredible, or unwarranted.  See
Ragsdale, 801 S.W.2d at 882; see also Arango v. Brummett,
2003 Tex. App. LEXIS 7583, at *6 (Tex. App.–Corpus Christi Aug. 29, 2003, no
pet.) (mem. op.).  

We hold that the trial court did
not abuse its discretion when it awarded appellants $8,000 in attorney’s fees
and costs.  See Bocquet, 972 S.W.2d at 20.  Counsel for Dr. Trevino and
the Partnership admitted that this was “not a death case” or a “brain damage
baby case.”  Instead, the damages in this case were limited to damages for
emotional injuries, which does not necessarily present novel or difficult legal
questions.  In addition, the two witnesses, Klein and Livesay, clearly had
differing views on the issue of fees, and the trial court was within its
discretion to consider their testimony “on reasonableness, the amount in
controversy, the common knowledge of the participants as lawyers and judges,
and the relative success of the parties,” or to disregard either witness’s
testimony.  See Chilton Ins. Co., 930 S.W.2d at 896.  Here, it
appears that the trial court favored appellee’s evidence and arguments. 
Because Dr. Trevino and the Partnership have not demonstrated that the trial
court acted arbitrarily or unreasonably, or that the decision was made without
reference to guiding rules and principles, see Bocquet, 972 S.W.2d at
21, we conclude that the trial court was within its discretion to determine
that $8,000 was a suitable award for attorney’s fees at both the trial and
appellate level.  We overrule Dr. Trevino and the Partnership’s sole issue.

IV. Conclusion

            We affirm the judgment of the trial court.

 

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Delivered and filed the

16th day of June, 2011. 

 









[1] Dr. Ernesto Roman, Valley Community
Health Center, and Dr. Paul Parkey are not parties to this appeal.

 





[2] The trial court severed plaintiffs’
causes of action against the remaining parties so that the severed claim could
proceed to final judgment and appeal.

 





[3] The record reveals that the bill has now
been paid in full.





[4] On cross-examination, Livesay
admitted that only three years of the ten-year bill were billed in quarter-hour
increments; the rest of the entries were documented in tenth-hour increments.