

## NUMBER 13-09-00365-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JORGE TREVINO, M.D. AND TREVINO,
ROMAN & ASSOCIATES, L.L.P.,                                    Appellants,

v.

BETTY CARRIZALES AND RUBEN GOMEZ, INDIVIDUALLY
AND AS NEXT FRIENDS OF M.C., A MINOR CHILD,          Appellees.

On appeal from the 332nd District Court
of Hidalgo County, Texas.

## MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides

By one issue, appellants, Jorge Trevino, M.D. and Roman, Trevino, & Associates, L.L.P. (the "Partnership"), contend that the trial court erred by awarding attorney's fees and costs of court in the amount of only $8,000. We affirm.

## I. BACKGROUND

This fifteen-year old case arises from a health care liability lawsuit originally filed under the former medical malpractice statute of Texas, section 4590i of Vernon's Annotated Texas Civil Statutes. *See* Medical Liability and Insurance Improvement Act of Texas, Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2041, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884, *current version at* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001-.507 (West 2010). In August 1996, appellees Betty Carrizales and Ruben Gomez filed suit individually and as next friends of M.C., a minor child, against Miguel Gonzalez, P.A. and Dr. Trevino. In their petition, appellees alleged that Gonzalez, a physician's assistant employed by Dr. Trevino, conducted an improper medical examination of Betty. Appellees later added the Partnership, Ernesto Roman, M.D., Valley Community Health Center, and Paul Parkey, M.D. as defendants.[1]

On June 7, 2004, the trial court held a hearing on Dr. Trevino and the Partnership's Motion to Dismiss, Motion for Summary Judgment, and Motion for Award of Reasonable Attorney's Fees and Costs of Court. The trial court granted the motions

---

[1] Dr. Ernesto Roman, Valley Community Health Center, and Dr. Paul Parkey are not parties to this appeal.

2

to dismiss and for summary judgment but denied the request for attorney's fees and costs.

Dr. Trevino and the Partnership appealed the denial of their Motion for Reasonable Attorney's Fees and Costs to this Court.[2] *See Trevino v. Carrizales,* No. 13-05-0556-CV, 2006 Tex. App. LEXIS 7236, at \*1 (Tex. App.—Corpus Christi Aug. 17, 2006, no pet.) (mem. op.). In that appeal, we held that the trial court could not summarily deny the motion for attorney's fees and costs when, at the time, the request was supported by uncontroverted evidence. *Id.* at \*\*1-2. We remanded the case to the trial court for further proceedings consistent with the opinion. *Id.* at \*2.

On remand, the trial court held an evidentiary hearing on Dr. Trevino and the Partnership's request for attorney's fees and costs. Katie Klein, counsel for Dr. Trevino and the Partnership, testified regarding her fees. Klein stated that she had been licensed to practice law in Texas since 1978 and was board certified in family law and civil trial law. Her firm's hourly billing rates in this case were $115 for partners, $90 for associate attorneys, and $50 for paralegals or legal assistants. She testified that these rates had not been raised since she began working on the case in 1996. She further testified that the rates were well below what would be considered reasonable for legal practitioners in Hidalgo County. Her expert opinion was that a reasonable fee for the work done on this case through 2007 would be $53,019.56, $5,500 for an appeal to this

---

[2] The trial court severed plaintiffs' causes of action against the remaining parties so that the severed claim could proceed to final judgment and appeal.

3

Court, and $5,500 for an appeal to the Texas Supreme Court.

In support of this number, Klein's firm's bill for this case was admitted into evidence without objection. According to Klein, the $53,019.00 fee was based on work actually done, the complexity of the case, the multiple parties involved, the duration of time, and the novelty of the issues presented. She testified that her clients had already paid $38,436.79 of this bill,[3] and that $9,600 of the bill represented costs such as faxes, photocopies, exhibits, and court costs.

On cross-examination, Klein admitted that this health care liability case was "not a death case" or a "brain damage baby case." Instead, Klein acknowledged that the plaintiffs in this case sought damages for "emotional injuries" arising from an alleged physical assault on Betty by Gonzalez, the physician's assistant. Klein also agreed that the trial court was the trier of fact "as to what is reasonable and what is not" with respect to attorney's fees and costs of court.

Attorney Keith Livesay testified on behalf of appellees. Livesay testified that he had practiced law in Texas for more than twenty years and was board certified in civil appellate law. He admitted that he had not defended a medical malpractice lawsuit in at least ten years. Livesay stated that he reviewed Klein's bill on this case and found it "grossly, grossly excessive." His criticisms of the bill included: (1) insufficient documentation; (2) that paralegals frequently billed for clerical work which should have been done by secretaries; (3) a "repeated practice of writing memorandums to the file,"

---

[3] The record reveals that the bill has now been paid in full.

4

where the paralegal or secretary would bill for writing a memorandum and the attorney would bill for reading the memorandum; (4) unnecessary work; and (5) billing in quarter-of-an-hour increments instead of tenth-hour increments.[4] He agreed that the $115 rate for a partner's work was reasonable, and that most attorneys would have raised their rates over the course of ten years. In Livesay's opinion, a reasonable fee for the work on this case, based on the record and available documentation, would be $8,200.

The trial court ultimately awarded Dr. Trevino and the Partnership "attorney's fees in the sum of $8,000.00 for services rendered through the trial and first appeal of this case." This appeal followed.

## II. STANDARD OF REVIEW

In general, we review a trial court's decision to grant or deny attorney's fees under an abuse of discretion standard, and we review the amount awarded as attorney's fees under a legal sufficiency standard. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); *see Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 262 (Tex. App.—Austin 2002, pet. granted). "It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to legal principles, or to rule without supporting evidence." *Id.* at 21 (internal citations omitted).

## III. APPLICABLE LAW

The determination of reasonable attorney's fees is a question for the trier of fact.

---

[4] On cross-examination, Livesay admitted that only three years of the ten-year bill were billed in quarter-hour increments; the rest of the entries were documented in tenth-hour increments.

*See Gonzalez v. Nielson*, 770 S.W.2d 99, 102 (Tex. App.—Corpus Christi 1989, writ denied). Factors to be considered in determining the amount of reasonable attorney's fees include: (1) the time and labor required, novelty and difficulty of the question presented, and the skill required to properly perform the legal service; (2) the likelihood that the acceptance of employment precluded other employment by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). While these factors may be considered, the court is not required to receive evidence on all of them. The court is also free to look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties. *Chilton Ins. Co. v. Pate & Pate Enters., Inc.*, 930 S.W.2d 877, 896 (Tex. App. —San Antonio 1996, writ denied).

"It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). The exception to this rule is when another witness provides testimony that is clear, direct, positive, and free from contradiction, inaccuracies, and circumstances.

6

*See Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010); *Ragsdale*, 801 S.W.2d at 882 (citing *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904, 908 (1942)).

### III. ANALYSIS

By their sole issue, appellants complain that the trial court did not award them enough fees for their trial or appellate work in the underlying case. As stated earlier, the proper amount of attorney's fees to be awarded is within the trial court's discretion. *See Dail v. Couch*, 99 S.W.3d 390, 391-92 (Tex. App.—Corpus Christi 2003, no pet.). Although Dr. Trevino and the Partnership set forth evidence in support of their attorney's fees, it was within the trial court's sole discretion to decide whether such fees were unreasonable, incredible, or unwarranted. *See Ragsdale*, 801 S.W.2d at 882; *see also Arango v. Brummett*, 2003 Tex. App. LEXIS 7583, at *6 (Tex. App.–Corpus Christi Aug. 29, 2003, no pet.) (mem. op.).

We hold that the trial court did not abuse its discretion when it awarded appellants $8,000 in attorney's fees and costs. *See Bocquet*, 972 S.W.2d at 20. Counsel for Dr. Trevino and the Partnership admitted that this was "not a death case" or a "brain damage baby case." Instead, the damages in this case were limited to damages for emotional injuries, which does not necessarily present novel or difficult legal questions. In addition, the two witnesses, Klein and Livesay, clearly had differing views on the issue of fees, and the trial court was within its discretion to consider their testimony "on reasonableness, the amount in controversy, the common knowledge of the participants

7

as lawyers and judges, and the relative success of the parties," or to disregard either witness's testimony.  *See Chilton Ins. Co.,* 930 S.W.2d at 896.  Here, it appears that the trial court favored appellee's evidence and arguments.  Because Dr. Trevino and the Partnership have not demonstrated that the trial court acted arbitrarily or unreasonably, or that the decision was made without reference to guiding rules and principles, *see Bocquet*, 972 S.W.2d at 21, we conclude that the trial court was within its discretion to determine that $8,000 was a suitable award for attorney's fees at both the trial and appellate level.   We overrule Dr. Trevino and the Partnership's sole issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
16th day of June, 2011.

8